NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY and another *vs*. MARY C. ALLIS, impleaded, etc.

February 7, 1877.

**Contract by Wife to Pay Existing Debt of Husband.**—Under Laws 1869, *c*. 56, a married woman may make a valid contract, binding herself to pay a pre-existing debt of her husband.

**Principal and Surety—Marshalling of Securities.**—Where a creditor has security for his debt upon the property of the principal debtor, and other security upon the property of the surety, a court will not require him to first exhaust the security against the property of the principal debtor, if it appear that such property is of no value as security for the debt.

**Debtor and Creditor—Election by Bringing Suit.**—A creditor who, by his contract, has a right, upon default of the debtor as to part of the debt, to treat the whole debt as due before the time fixed for its payment, may make his election that the whole shall be due by bringing suit for it.

**Same—Election Deemed Made on all Available Grounds.**—If the facts in a complaint show, in the plaintiff, a right of election to treat the whole debt as due, upon several grounds, the election evidenced by the commencement of a suit will be deemed to be made upon all such grounds, unless the contrary clearly appear.

v.23m—22

Foreclosure by Action—Taxes by Mortgagee Paid after Trial.—A mortgage of real estate contained a clause that upon default of the mortgagors to pay taxes the mortgagee might pay them, and that the amount so paid should thereupon become a part of the mortgage debt. After a trial in an action to foreclose the mortgage, the mortgagee paid taxes on the property, and, without notice to the mortgagors, upon the production of the tax receipt, the amount so paid was included in the judgment entered. *Held* error, and that the mortgagors have a right to a trial of the facts upon which the propriety of adding the taxes to the debt depended.

Action to foreclose a mortgage, brought by the insurance company and William R. Marshall, against Lorenzo Allis and Mary C. Allis, his wife, in the court of common pleas of Ramsey county, on March 13, 1875. Trial before *Simons*, J., who ordered judgment for plaintiffs, which was entered, and the defendant Mary C. Allis appealed.

*Frederick Allis*, for appellant.

*George L. & Charles E. Otis*, for respondents.

GILFILLAN, C. J.[1] From the facts found it appears that the defendants are, and, at the several transactions involved, were, husband and wife, and that at St. Paul, on June 1, 1874, they executed their joint promissory note for the payment, to the order of William R. Marshall, two years from said day, of $10,000, with interest semi-annually, at 10 per cent. per annum, and exchange on New York, which note contained this stipulation : " It being distinctly understood and agreed that should there be any default in the payment of the said interest, as above mentioned, that then, and as often as such default shall be made, the whole of said principal sum, together with all accrued interest thereon, shall immediately become due and payable, at the option of the holder of this note, within thirty days from the time of such default ; " and at the same time, to secure said note, they executed to Marshall a mortgage upon real estate, the separate property of Mary C. Allis, which mortgage contained this recital in the description of the note which it was given to secure : " Said note also containing a provision to the effect that should any default be made in the payment of

[1] Cornell, J., did not sit in this case.

the said interest, or any part thereof, on any day whenever the same is made payable as above expressed, that then, and as often as such default shall be made, the aforesaid principal sum of ten thousand dollars, with all arrearages of interest thereon, shall, at the option of the said party of the second part, or his legal representatives or assigns, become and be due immediately thereafter, and payable within thirty days from the date of such default." There was in the mortgage a covenant that the mortgagors should pay all taxes prior and subsequent to its execution, with the stipulation that, in default thereof for thirty days, the mortgagee might pay them, and the same should thereupon be due and payable by the mortgagors to the mortgagee, and be deemed secured by the mortgage ; " and in default of such payment by the said parties of the first part, their heirs, executors, adminis-. trators, or assigns, the whole of the principal sum and interest secured by this mortgage shall, at the option of the said party of the second part, his executors, adminis- trators, or assigns, immediately become due and payable." This note and mortgage were, in August, 1874, transferred by Marshall to plaintiff, now the holder, as collateral security.

The note and mortgage were in fact given to secure an individual debt of the husband, and the money he received thereon was used exclusively for his benefit. Of these facts, however, Marshall had no notice, but he was led to believe, and did believe, that the note and mortgage were given to secure the indebtedness of both defendants.

At the same time of executing this note and mortgage, and as further security for said note and another note for $4,000, the defendants executed to Marshall a mortgage upon other real estate, the property of the defendant Lorenzo. The property covered by this last mortgage was, at the time of the trial, so heavily encumbered by prior liens as to make it of no value whatever as a security for the payment of the note for $10,000. Defendants failed

to pay the instalment of interest on the $10,000 note falling due December 1, 1874, and have never paid it.

Taxes levied upon the property were due and unpaid August 28, 1874, and were never paid by either of defendants, but, about that time, and before the transfer of the notes and mortgages, were paid by Marshall.

On January 11, 1875, plaintiff served on defendants notice of its election to declare the principal sum of the note and mortgage due. This notice is not set out in the record. Judgment for the foreclosure of the $10,000 mortgage, and sale of the premises, was entered, adjudging the amount found due, and that defendants should pay any deficiency. From this judgment it appears that, after the trial, the plaintiffs paid taxes for the year 1874, to the amount of $211.15, which, in the judgment, was added to the amount found due by the finding of the court. This was done, as it appears, without notice, and simply upon the production of the tax receipt.

Upon these facts the defendant Mary C. claims that no judgment for a deficiency against her should have been rendered, for the reason that, at the time of the execution of the note and mortgage, she, being a married woman, was by statute incapable of making herself liable for the debts of her husband, and that the note and mortgage were given for his debt; that, as she stood in the relation of surety for her husband, it was her right to have the security for the debt against her husband's separate property exhausted before resorting to the security against her property; that it was error to add to the judgment the $211.15; that, by the true construction of the note and mortgage, the holder could exercise his option to declare the principal due, by reason of a default in the payment of interest, only within thirty days after such default.

The first of these points depends on Laws 1869, c. 56. Section 3 of that act reads: "No married woman shall be liable for any debts of her husband, nor shall any married

man be liable for any debts or contracts of his wife, entered into either before or during coverture, except for necessaries furnished to the wife after marriage, where he would be liable at common law." It is argued that, as this note and mortgage were to secure the debt of the husband, she is not liable personally upon them, under this section. Apparently, a good answer to this is that the obligation of the note and mortgage is her debt as well as that of the husband; and, unless the section can be construed as disabling her to make a contract, the consideration for which is a prior debt of her husband, this answer must be conclusive. The defendant claims that, as at the common law the wife was not liable for the husband's debts, the section was not necessary to exclude such liability, and that the section could not have been inserted for that purpose, but must have been for the purpose of disabling her to contract a liability in consideration of such a debt. To give this effect to the section would be to allow inference and conjecture to qualify and restrict the meaning of the clear and precise language of the act removing the wife's common-law disability to contract. Section 2 provides that "any married woman shall be capable of making any contract, either by parol or under seal, which she might make if unmarried, and shall be bound thereby." Then follow clearly-expressed exceptions to her power to contract without her husband, relating only to her real estate. Section 4 expressly retains the common-law disabilities of husband and wife to contract with each other relative to the real estate of either, or to any authority from one to the other to convey real estate, and continues : " But, in relation to all other subjects, either may be constituted the agent of the other, or contract each with the other, as fully as if the relation of husband and wife did not exist." In view of this clear enabling language, and of the clearly-expressed exceptions to it, no implication against the force of such language can be allowed from the language of section 3, unless such implication necessarily follows from

the presence of the section in the act. It may not have been strictly necessary to insert the section for the purpose of preventing any question as to the liability of one for the debts of the other; but, in view of the difficulties of the subject, it was very proper to be inserted for that purpose, and we think such was its purpose. The note and mortgage were therefore valid.

The power of a court of equity to control a creditor in enforcing his remedies, so as to protect the interests of a surety, when the creditor has securities for his debt, both upon the property of the principal debtor and also upon that of the surety, and to require the creditor to first exhaust the security against the principal, is undoubted; but, to call such power into exercise, there must in fact be substantial security against the principal's property. In this case there is no such security, for it is found as a fact that the separate property of the defendant Lorenzo, upon which a mortgage was given to secure this same debt, was so heavily encumbered by liens, prior to such mortgage, as to make it of no value whatever as security for the debt in question. As enforcing the mortgage against this property could result only in costs, and in delay of the creditor, and would be entirely fruitless of any benefit to it, or of any protection to the surety, the court below was clearly right in refusing this demand of the defendant Mary C. Allis.

The point made upon the construction of the note and mortgage, as to the time within which the mortgagee should exercise his option to claim the principal due, by reason of a default in payment of the interest, would not, if the court held with the construction claimed by defendants, affect the result, and therefore is not passed on; for the mortgagee had the right to claim the entire debt to be due, by reason of the default as to taxes. The notice served by the mortgagee upon the defendants was at a time when the mortgagee's right of action on account of such taxes was complete; and, as the contents of the notice are not before

us, we cannot say that the election notified by it was based on any other ground, in such a way as to be a waiver of the mortgagee's right to elect upon the ground of default in respect of the taxes. The right still remaining, it was properly exercised by bringing suit. Where the facts in the complaint clearly show a right of option upon several grounds, the election evidenced by the commencement of the action will be deemed to be made by reason of all such grounds, unless the contrary clearly appear.

The insertion in the judgment of the $211.15 was clearly erroneous. It stands upon an entirely different footing from the case of an instalment falling due at any time before judgment, for the facts upon which such instalment may be entered in the judgment are determined by the trial. In respect to these taxes, the facts upon which the plaintiffs' right to recover for them depended arose after the trial, and the defendants never had an opportunity, as they have a right, to litigate them.

The judgment must, therefore, be modified by striking out the $211.15, and the case will be remanded for the court below to so modify it.