CHARLES F. YOUNG *vs.* JACOB SHUNK and others.

June 20, 1883.

**Co-Sureties by Different Instruments—Contribution.**—Evidence *held* insufficient to show that one becoming surety was not a co-surety, so as to give the right of contribution with other sureties for the same principal and debt, but by a different instrument and at a different time.

**Right to Contribution as Between Sureties.**—Whether the right of contribution between sureties can be excluded, except by contract between the sureties, doubted.

Plaintiff brought this action in the district court for Goodhue county against defendants, as co-sureties with himself, seeking to enforce contribution from them. The action was tried before ·McCluer, J., and a jury, and, when both parties rested, the court, on defendants' motion, directed a verdict in their favor.

From the uncontradicted evidence offered and received on the trial, it appeared that the defendants executed and delivered to the Davis Sewing-Machine Company their written guaranty, to the amount of $2,000, dated June 26, 1876, for the performance by one Paulson of a certain contract made by him with the company on the same day; that, subsequent to the making of defendants' guaranty, plaintiff also executed and delivered to the same company his written guaranty for the performance of the same contract, dated on the same day, and in the same words as defendants' guaranty, excepting that it was only to the amount of $1,000; that afterwards, Paulson having failed to perform his contract, the company brought suit against plaintiff upon his

guaranty, and recovered judgment for its amount, which judgment plaintiff paid, and that plaintiff gave defendants due notice of such suit. It also appeared from plaintiff's evidence that, after defendants had executed their guaranty, it was presented by Paulson to plaintiff for his signature, and he refused to sign it, stating "that he would not sign a bond with anybody else; that he would become individually responsible for $1,000, for Mr. Paulson."

A motion for a new trial was denied, the court holding that the contracts of guaranty on their faces are distinct; that "evidence must be looked for outside of these instruments to connect them together and show that they refer to the same duty," and that the evidence introduced shows "that plaintiff did not intend the transactions should be connected, refused to sign a joint bond, and executed this independent obligation for the purpose of disconnecting himself entirely from the defendants," and citing and relying on *Norton* v. *Coons*, 3 Denio, 130. Plaintiff appeals from the order refusing a new trial.

*F. M. Wilson*, for appellant, cited *Woodworth* v. *Bowes*, 5 Ind. 276; *Cobb* v. *Haynes*, 8 B. Mon. 137; *Monson* v. *Drakeley*, 40 Conn. 552; *Breckenridge* v. *Taylor*, 5 Dana, (Ky.) 110; *Warner* v. *Morrison*, 3 Allen, 566; *Chaffee* v. *Jones*, 19 Pick. 260; *Norton* v. *Coons*, 3 Denio, 130; *Armitage* v. *Pulver*, 37 N. Y. 494; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Bell* v. *Jasper*, 2 Ired. Eq. (N. C.) 597; *Harrison* v. *Lane*, 27 Am. Dec. 607, and note; *Deering* v. *Earl of Winchelsea*, 2 Bos. & Pul. 270; S. C. 1 Lead. Cas. in Eq. 120–188; Brandt on Suretyship, §§ 220–224; De Golyar on Guaranties, 280; 13 Am. Law Reg. (N. S.) 529; 1 Story on Eq. Jur. § 495; 2 Wait's Act. & Def. 288; 2 Chitty on Cont. (11th Am. Ed.) 891; 1 Parsons on Cont. (6th Ed.) 36.

*J. C. McClure*, for respondent, cited *Norton* v. *Coons*, 3 Denio, 130; *Barry* v. *Ransom*, 12 N. Y. 462; *Harris* v. *Brooks*, 21 Pick. 195; *Robison* v. *Lyle*, 10 Barb. 512; *Champion* v. *Griffith*, 13 Ohio, 228; *Seymour* v. *Mickey*, 15 Ohio St. 515; *Morris* v. *Faurot*, 21 Ohio St. 155; *Lathrop* v. *Wilson*, 30 Vt. 604; *Adams* v. *Flanagan*, 36 Vt. 408; *Craythorne* v. *Swineburne*, 14 Ves. 160; Brandt on Suretyship, §§ 17, 18, 220, 226.

GILFILLAN, C. J.  Martin Paulson entered into a contract with the Davis Sewing-Machine Company.  The defendants, by an instrument

under seal, guarantied, to the amount of $2,000, the performance by Paulson of said contract. Afterwards, plaintiff, by a separate instrument under seal, guarantied, to the amount of $1,000, the performance by Paulson of the same contract. The plaintiff, having been compelled to pay the $1,000 by reason of Paulson's failure to fulfil his contract, brings this action to enforce contribution from defendants. They insist that he and they were not co-sureties.

Persons are co-sureties, so as to give the right of contribution, when they are bound for the performance by the same principal of the same duty; and whether they become so at the same time or at different times, by one or by several instruments, and even that they are bound in different amounts, or that each is ignorant that the others are sureties, does not affect the relation nor the right. The right does not seem to rest upon contract, (for a contract cannot be assumed between persons who may each be ignorant of the other's existence,) but upon this natural principle of equity, that where the same burden is assumed equally by several, and one of them is compelled to discharge it, the others ought to contribute each his share, so as to preserve equality.

As the obligation to contribute arises, not from contract between the co-sureties, but from the existence of that relation,—that is, of sureties for the same principal and the same duty,—it may be doubted that the intention of the surety in respect to contribution, at the time of becoming such, unless expressed in the way of a contract between him and the other sureties, will affect the right.

However that may be, the evidence in this case does not make it appear that, at the time of becoming surety, the plaintiff intended to exclude the right or obligation of contribution. He made no objection to assuming the relation of co-surety, but objected only to executing the same instrument with the others. His reason for preferring to become surety by a different instrument was not given. It is going too far to assume that it was because he did not intend to contribute if one of the others paid, nor to call on them for contribution if he paid. It was error to direct a verdict for defendants. As the evidence stood, the verdict ought to have been for plaintiff.

Order reversed, and new trial ordered.