IRVIN T. BURNSIDE v. WILLIAM CRAIG AND ANOTHER.[1]

June 28, 1918.

No. 20,967.

**Foreclosure of mortgage — action for deficiency — notes not due — rule inapplicable.**

Upon default in the payment of the first of several notes secured by a mortgage, the mortgagee foreclosed, exercising the right conferred by the mortgage to declare the entire debt due. The proceeds of sale were not sufficient to pay certain of the notes which by their terms were not due at the time this action was brought to recover a deficiency judgment against the mortgagors. It is *held*:

(1) The fact that the mortgage had been foreclosed and that the action was to recover a deficiency judgment does not distinguish the case from White v. Miller, 52 Minn. 367. The portion of the debt sought to be recovered is not yet due.

(2) The fact that the mortgage contained a covenant by the mortgagors to pay the debt at the time and in the manner specified in the notes, does not, conceding the action to be brought on this covenant and not upon the notes, warrant a recovery, as the debt sued for is still not due.

(3) The rule that the proceeds of a foreclosure sale should be applied pro rata toward the payment of all the notes, or to all the debts secured by the mortgage, applies only where the notes are owned by different persons, or where there is more than one debt secured by the mortgage. It does not apply where there is but one debt and all the notes are owned by one person.

[1]Reported in 168 N. W. 175.

Action in the district court for St. Louis county to recover $1,466.12 upon six promissory notes. From an order, Fesler, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*John B. Richards,* for appellant.

*H. J. Grannis,* for respondents.

BUNN, J.

Plaintiff appeals from an order sustaining a demurrer to the complaint. The material facts pleaded and held by the trial court not to constitute a cause of action are as follows:

May 22, 1916, defendants executed to plaintiff six promissory notes, one for $125, due August 1, 1916, one for $520, due August 1, 1917, and four others each for the same amount, due respectively August 1, 1918, August 1, 1919, August 1, 1920, and August 1, 1921. Each note bore interest at 6 per cent payable semiannually. A mortgage to secure the notes was executed on the same date. It contained the usual power of sale, and a clause making it lawful for the mortgagee, in case of default in any of the provisions of the mortgage, to "declare the whole sum above specified to be due." The mortgage also contained a clause by which the mortgagors convenanted and agreed "to pay or cause to be paid the sum of money above specified, at the time and in the manner above mentioned." The "sum of money above specified" was the aggregate amount of the notes, $2,725, and the "time and manner above mentioned" are found in the descriptions of the several notes as to due dates and amounts.

Defendants failed to pay the note for $520, due August 1, 1917, or the interest thereon. November 20, 1917, the mortgagee declared the "whole sum of all of the said notes secured by the said mortgage to be due and payable at once." He then proceeded to foreclose the mortgage by advertisement. At the sale January 12, 1918, the mortgaged premises were sold to plaintiff for the sum of $1,500. It is alleged that "the sum remaining unpaid on said notes after said sale was $1,466.12," that no part of this sum has been paid, and judgment is demanded for said sum with interest from the date of sale.

The trial court was of the opinion that under the rule of White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L.R.A. 673, no part of the

amount sought to be recovered is due. Plaintiff does not ask us to overrule White v. Miller, but seeks to distinguish the present case. In the White case there had been no foreclosure of the mortgage, the action being to recover on the notes, which by their terms were not due. It was held that the exercise by the holder of the option given by the mortgage to declare the entire sum due on default in any of the conditions of the mortgage did not operate to make the notes due. Counsel for plaintiff argues ably and earnestly that the rule of the White case should not apply here, because the action is to recover a deficiency after the foreclosure sale, and because it is based, as he claims, not upon the notes, but upon the covenant in the mortgage to pay the debt. In White v. Miller the exact point decided, as shown by the syllabus, was that a negotiable promissory note, due in the future, according to its terms, cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, authorizing the mortgagee to declare the debt or note due upon default in any of the provisions found in the mortgage. The ground of the decision was the rule in this state that a note and a mortgage securing the same are separate instruments distinctly differing in their nature and purpose. It was held that the object of the clause was to mature the entire debt for the purpose of foreclosure, while for all other purposes the terms of the note as to maturity are preserved. The quotation made from McClelland v. Bishop, 42 Oh. St. 113, clearly shows the scope of the decision in White v. Miller:

"The stipulation in the mortgage should be construed as providing a remedy in the mortgage, and that, so far as foreclosure proceedings are concerned, the notes for that purpose are due, but for general purposes the obligations on the notes are to be determined by their own expressed terms."

We see no valid distinction between the case at bar and White v. Miller, based upon the fact that here there has been a foreclosure and the action is to recover the deficiency. Counsel for plaintiff mainly relies on three cases in this state: Northwestern Mut. Life Ins. Co. v. Allis, 23 Minn. 337; St. Paul Title Ins. & T. Co. v. Thomas, 60 Minn. 140, 61 N. W. 1134; Grant v. Winona & S. W. Ry. Co. 85 Minn. 422, 89 N. W. 60.

In the Allis and Thomas cases the clause giving the option to declare the entire debt due was in the note itself, and the cases are clearly not in point. We do not understand counsel's statement that the clause in the Allis case was in the mortgage and not in the note, as the opinion clearly states that it was in the note. We fail to see how the Grant case lends any support to plaintiff, or how it conflicts with, modifies or distinguishes White v. Miller.

In the Grant case the facts were these: The railway company had issued its bonds secured by a mortgage made to a trustee. The mortgage contained a clause that in default of payment of interest on the bonds the trustee might elect to declare the bonds due and payable. There was a default in the payment of interest and the trustee brought a suit in equity in the Federal court to foreclose the mortgage, having declared the entire debt due and payable. There was a decree of foreclosure for the full amount of the bonds, and provision for a deficiency judgment in case the proceeds of the sale were insufficient. There was a deficiency and formal judgment was entered for the amount thereof. The action in this court was to recover upon certain of the bonds and coupons owned by plaintiff, and the question was whether plaintiff's bonds and coupons were merged in the deficiency judgment. After disposing of the contention of plaintiff that the judgment was void because the United States court had no jurisdiction to render a personal judgment for a deficiency in a foreclosure action, this court decided the main question in the case, namely, that the terms of the mortgage authorized the trustee to represent the bondholders and bind them by the deficiency judgment. The case is not an adjudication that there may be a deficiency judgment based on an election to declare the debt due pursuant to a clause in the mortgage. The Federal court had decided that and the correctness of its decision was not before this court, but only the question as to the power of the trustee to bind the bondholders. Neither do we see that the case is authority on the question whether the rule of White v. Miller applies when the action is based upon a covenant in the mortgage, rather than on the notes or bonds.

Even if the complaint can fairly be construed as based on the covenant in the mortgage to pay the debt, rather than on the notes, and conceding that such an action can be maintained in spite of the fact

that notes were executed, we do not think that this takes the case out of the doctrine of White v. Miller. Remembering that the "acceleration clause" in the mortgage makes the notes due only for the purpose of authorizing foreclosure for the entire debt, and not for any other purpose, and that the language of the covenant to pay the debt is that the mortgagor agrees to pay "the sum of money above specified, at the time and in the manner above mentioned," that is, at the times and in the manner specified in the notes, it seems quite clear that the covenant cannot be given the effect of destroying the rule in White v. Miller. We have already noted the Allis, Thomas and Grant cases, cited many times by counsel for plaintiff. We fail to see that they have any bearing upon the question whether the fact that the suit is brought on the covenant to pay the debt, rather than on the notes, distinguishes such a case from White v. Miller. We are of the opinion that it does not, and that the trial court was entirely right in its opinion that the case at bar was controlled by White v. Miller. It is recognized, of course, that there are respectable authorities in conflict with White v. Miller, but we are not disposed to overrule that case.

The point is made that in any event the note due August 1, 1917, was not wholly paid by the foreclosure sale and therefore that the complaint at least states a cause of action for the recovery of something like $200. This point is based upon the claim that the proceeds of the foreclosure sale should be applied pro rata towards the payment of all the notes, and not applied to those first due in point of time. Counsel relies upon the rule that obtains where the notes representing the debt are owned by different persons, as in Wilson v. Eigenbrodt, 30 Minn. 4, 13 N. W. 907, and Hall v. McCormick, 31 Minn. 280, 17 N. W. 620, or where the mortgage secures two debts, as in Borup v. Nininger, 5 Minn. 417 (523). In the present case there was but one debt, and the notes were all owned by plaintiff. In such a case the pro rata rule does not apply, but rather the usual rule that payments are to be applied to the notes first due. We think the note due August 1, 1917, was wholly paid. G. S. 1913, § 8130.

Order affirmed.