# E. K. WINNE, S. G. WINNE AND L. WINNE v. D. A. LAHART, J. A. SALYARDS, AND J. H. DICKMAN.[1]

April 27, 1923.

No. 23,406.

**Maturity of mortgage note.**

1. The maturity of a note secured by mortgage cannot be accelerated solely by virtue of a provision in the mortgage under which the mortgagee may declare the whole of the mortgage debt to be due if the mortgagor allows interest or taxes to become overdue.

**Deficiency judgment upon mortgage note before its maturity.**

2. The plaintiff in an action to foreclose such a mortgage is not entitled to a deficiency judgment whenever the proceeds of the sale of the mortgaged property are insufficient to satisfy the mortgage debt. If the note was given as evidence of the debt and the note is not due, payment of the unsatisfied portion of the debt cannot be compelled until the note falls due or can be brought to maturity according to its terms.

**Purpose of judgment in foreclosure action.**

3. One purpose of a judgment in a foreclosure action is to determine how much the plaintiff is entitled to receive out of the proceeds of the sale of the mortgaged property. Unless he is also entitled to a personal judgment for the debt secured by the mortgage, such is the only purpose and effect of the judgment.

**Deficiency clause in judgment struck out.**

4. In the exercise of judicial discretion, it was not improper for the court, on the application of the defendants, to strike out the deficiency clause in a judgment in a foreclosure action which was in effect a personal judgment against the defendants for a debt not yet due.

Action in the district court for Cottonwood county to foreclose a mortgage. Defendants failed to answer and judgment upon default was entered. Defendants' motion for an order to show cause why an order should not be made amending the judgment was granted.

[1] Reported in 193 N. W. 587.

From the order, Nelson, J., granting the motion, plaintiffs appealed. Affirmed.

*Wilson Borst*, for appellants.

*Farmer & Tighe* and *J. W. Seager*, for respondents.

LEES, C.

Appeal from an order granting defendants' motion for an amendment of the judgment in an action for the foreclosure of a mortgage.

On March 1, 1920, defendants executed their note to plaintiffs for $10,400, payable March 1, 1925, accompanied by a mortgage on a quarter section of land, securing the payment of the note and containing a covenant that if defendants failed to pay the principal or interest when due, according to the terms of a first mortgage of $7,000 on the land, or made default in the conditions of either mortgage, or failed to pay taxes on the land before they became delinquent, the plaintiffs, at their option, might declare the whole principal sum of the $10,400 note to be due and payable. Defendants failed to pay two instalments of interest on the first mortgage, two on the second, and the taxes for 1921, and plaintiffs commenced this action to foreclose their mortgage. After setting forth defendants' several defaults, the complaint alleged that plaintiffs elected to declare the whole sum secured by their mortgage to be due and payable immediately. They asked that the land be sold and the proceeds applied upon the mortgage debt, and for judgment against defendants for the remainder of the debt, if any. Defendants were personally served with the summons, but did not appear or answer. On August 19, 1922, a default judgment was entered in accordance with an order made by the court. It was adjudged that the sum of $12,491.26 was due on defendants' note and mortgage, together with $241.50 costs and attorney's fees in the action; that the land be sold by the sheriff and the purchase money applied to the payment of the expenses of the sale and the amount which had been adjudged due to plaintiffs, and, if it was not sufficient to pay the same in full, that the sheriff specify the deficiency in his report of sale, and that, upon confirmation of the report, defendants pay the amount of such deficiency, plaintiffs to have execution therefor.

The land was sold October 7, 1922, for $5,000, plaintiffs bidding it in subject to the first mortgage. The sheriff reported that this left a deficiency of $8,111.26, and the court confirmed the sale. Ten days later defendants asked to have the deficiency judgment vacated, basing their application on their affidavit stating that their failure to answer was due to their inadvertent belief that such a judgment would not and could not be entered against them personally. Plaintiffs opposed the application, but the court granted it and ordered that the judgment be amended by striking out the provision requiring the payment of the deficiency, and by substituting the word "mortgage" for the word "note" in the clause determining the amount due from defendants to plaintiffs.

The order is attacked on the ground that the demand for a deficiency judgment could not be successfully resisted even though defendants had appeared and answered, and on the further ground that no good excuse was shown for their failure to answer.

1. It is familiar doctrine that instruments executed at the same time and for one purpose are but one instrument in the eye of the law and are to be read and construed together as parts of the same transaction. But this does not mean that where a note and mortgage are executed contemporaneously, the provisions of the mortgage are thereby incorporated into and become part of the note. White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; Thorp v. Mindeman, 123 Wis. 149, 101 N. W. 417, 68 L. R. A. 146, 107 Am. St. 1003; Des Moines Sav. Bank v. Arthur, 163 Iowa 205, 143 N. W. 556, Ann. Cas. 1916C, 498.

This court has consistently adhered to the doctrine that the note and the mortgage are separate and distinct instruments, so different in their nature and purpose that the negotiable character of the note does not affect the character of the mortgage, which always is a mere chose in action. 2 Dunnell, Minn. Dig. § 6284. It has held that the mortgagee has two distinct remedies if the mortgagor defaults in the payment of the mortgage debt. He may sue on the note and recover an ordinary personal judgment, or he may resort to the security of the mortgage and have the mortgaged property sold

and apply the proceeds to the payment of the debt. These remedies are concurrent. Resort may be had to either or both, but there may not be a double satisfaction of the debt. Slingerland v. Sherer, 46 Minn. 422, 49 N. W. 237; Macomb Sewer-Pipe Co. v. Hanley, 61 Minn. 350, 63 N. W. 744; Bean v. Heron, 65 Minn. 64, 67 N. W. 805. Such is the generally accepted rule, where there is no statute requiring a different course of procedure, 2 Jones, Mortgages, § 1215.

A limitation on the right of the mortgagee to avail himself of both remedies at the same time is found in subdivision 2, § 8108, G. S. 1913. The remedy on the mortgage as a security is exhausted by a foreclosure. Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486; Pioneer S. & L. Co. v. Farnham, 50 Minn. 315, 52 N. W. 897; Hage v. Drake M. & F. Co. 145 Minn. 113, 176 N. W. 192. But, if the debt was not thereby fully satisfied, an action on the note will lie, and the mortgagee may recover a personal judgment for the remainder. Blake v. McKusick, 10 Minn. 195 (251); 2 Jones, Mortgages, § 1227; 19 R. C. L. 665. Such an action will not lie if the note is not due, and the note cannot be brought to maturity by declaring the whole sum due by virtue of a provision in the mortgage authorizing the mortgagee to do so if there is a failure to pay interest or taxes. White v. Miller, supra; Burnside v. Craig, 140 Minn. 404, 168 N. W. 175. Unless this case can be differentiated from Burnside v. Craig, plaintiffs were not entitled to a personal judgment against defendants.

It is earnestly contended that the doctrine of White v. Miller, approved and extended as it was in Burnside v. Craig, is not controlling because plaintiffs foreclosed by action and not by advertisement. It has been held that the purpose of a foreclosure proceeding is to have the mortgaged property applied to the satisfaction of the debt, Sprague v. Martin, 29 Minn. 226, 13 N. W. 34; that, although an action to foreclose is one in personam, in a sense it is in the nature of a proceeding in rem, because it has for its object the enforcement of the lien of the mortgage on specific property, Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315, 9 L. R. A. 152, 20 Am. St. 547; that there must be a judgment in order that the amount of the mortgage debt may be determined, but it is not a personal judgment which may be

docketed and become a lien before the mortgaged property has been sold and the proceeds applied towards the satisfaction of the debt, Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086; that the judgment is necessary to determine how much the mortgagee is entitled to receive out of the amount realized from the security, and, if he is not entitled to a personal judgment for the debt, such is the only purpose and effect of the judgment. Slingerland v. Sherer, supra.

The statute directs that judgment be entered adjudging the amount due and the sale of the property to satisfy that amount. Section 8154, G. S. 1913. Upon the confirmation of the sale, the clerk must enter satisfaction of the judgment to the extent of the sum bid at the sale, and execution may then be issued for the balance of the judgment. Section 8160, G. S. 1913. The statute does not expressly declare that the judgment may not be enforced against those who are personally liable for the payment of the debt, unless the debt was due when the mortgage was foreclosed. But, if that is not the proper construction to place upon it, all this court has said about the nature and object of foreclosure proceedings and the remedies available to the mortgagee is fundamentally wrong. It is true that some courts hold that an acceleration clause in a mortgage extends to the note and entitles the mortgagee to take a personal deficiency judgment in an action to foreclose, although the note contains no such clause. If the question were an open one in this state, we might be inclined to adopt that doctrine. But it cannot be done without ignoring the reasoning of the cases.

If plaintiffs had sued on the note, they could not have taken judgment for the principal. What plaintiffs have done is to avail themselves of the double remedy to which they were entitled. They combined in one action what, under the old system of pleading and practice, would have been denominated a suit in equity to foreclose and an action of debt founded on the note. By so doing, they neither changed nor added to their right of action on the note. The note was not merged in the mortgage. From the beginning the debt of which it was the evidence continued to be the principal thing. The mortgage was an incident and followed the note, for a transfer of the

note would carry the mortgage with it without a formal assignment. A deficiency judgment is a personal judgment. It is founded on the mortgagor's promise to pay the mortgage debt. A mortgage need not be accompanied by a personal obligation on the part of the mortgagor to repay the sum for which the mortgage was given. The consideration for the mortgage may have been advanced only on the security. Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369. Manifestly there could be no deficiency judgment in such a case as that. If the mortgagee is not content to rely on the security alone, he must obtain a special promise for the payment of the debt, and, if the promise is contained in a note, he can only enforce it in accordance with the terms of the note. That is settled by the White and Burnside cases. A mortgagee is enforcing the promise to pay the debt and not the mortgage when he takes a personal judgment against the mortgagor, and calling it a deficiency judgment does not alter the fact. It differs in no way from the judgment which might have been recovered at the end of an action on the note. Such an action could not be maintained unless the note or an instalment of the principal or interest was due. There cannot be a different result when the action to enforce the promise to pay the debt is combined with one to enforce the security.

We hold that plaintiffs were not entitled to a personal deficiency judgment and that the order in question was properly entered unless plaintiffs' second point is well taken.

2. The inherent power of the district court to modify its judgments is defined and regulated by sections 7746 and 7786, G. S. 1913, and extends to all judgments. Troska v. Brecht, 140 Minn. 233, 167 N. W. 1042. There is no exception in the case of judgments for the foreclosure of mortgages. The power should be cautiously exercised and the court's discretion controlled by the facts of the particular case; the time of the application; the nature of the modification, and the probability of interference with the rights of persons not parties to the action. 2 Dunnell, Minn. Dig. § 5091. Here the application was made promptly. The modification was in the nature of a correction which would make the judgment conform to the legal rights

which defendants had inadvertently failed to assert, and only the immediate parties to the action are affected.

We hold that the court properly exercised its discretion in granting the application.

Order affirmed.