## W. T. RAWLEIGH COMPANY v. E. O. HOFFMAN AND OTHERS.[1]

February 6, 1925.

No. 24,339.

**In action on guaranty guarantors cannot defend on ground of fraud by person guaranteed.**

1. H was engaged by plaintiff as an itinerant salesman. As a condition precedent to the acceptance of his contract, plaintiff required it to be guaranteed by responsible guarantors to be procured by H. Accordingly, he procured the execution of the guaranty by defendants. In this suit on the guaranty, fraudulent representations made by H as to its contents and effect cannot be availed of by defendants, for, even if he be considered as the agent of plaintiff, the procuring of the

[1]Reported in 202 N. W. 54.

guaranty was beyond the scope of the agency, was his own act and in no way binding upon plaintiff.

**Omission in form of notice to take deposition cured by section 8393.**

2. Omission of notice to take deposition to state that witness' residence was outside state as reason for taking deposition was defect of form and cured by G. S. 1913, § 8393, regardless of section 8395, requiring party producing deposition to show sufficient cause existed for using it.

*Headnote 1. See Agency, 2 C. J. p. 852, § 535; Guaranty, 28 C. J. p. 927, § 66.
Headnote 2. See Depositions, 18 C. J. p. 664, § 151 (1926 Anno).

Action in the district court for Hennepin county to recover $718.46. The case was tried before Guilford, J., who granted plaintiff's motion for a directed verdict for amount claimed. From the judgment, defendants appealed. Affirmed.

*John A. Nordin,* for appellants.
*William Howard Anderson,* for respondent.

STONE, J.

Action to recover an indebtedness of defendant Hoffman, guaranteed by defendants Johnson, Bye and Bostrom, who will be referred to for convenience as defendants, there having been no appearance by Hoffman. A verdict was directed against defendants and after the denial of their alternative motion for judgment notwithstanding or a new trial, they appeal from the judgment.

Plaintiff is an Illinois corporation engaged in the manufacture and sale of patent medicines. Plaintiff's claim against Hoffman arose under a "renewal contract" with him, designating him as the buyer and plaintiff as the seller of "such of its manufactured products as [it] shall hereafter determine to sell to the said buyer." Whether the contract was what it attempted to label itself, one of purchase and sale, or one of employment, will not be gone into. For reasons soon to be stated, it doesn't make any difference which it was.

As a condition precedent to its acceptance of H's contract, plaintiff required him to procure two or more responsible guarantors. Accordingly he, and he alone, procured the execution by defendants of the comprehensive guaranty upon which their liability rests. Then, and not until then, both contract and guaranty were accepted by plaintiff. Hoffman was in reality a peddler of plaintiff's goods. The indebtedness sued for is the unpaid balance due plaintiff under the contract, Hoffman's performance of which was guaranteed by defendants. It is immaterial that a portion of the stock purchased had formerly been in the hands of another representative of plaintiff, Hoffman having bought those goods under his contract and being bound accordingly for their payment.

The defense is fraud, defendants insisting that their signature to the guaranty was procured through the false and fraudulent representations of Hoffman. The evidence offered in support is fairly characterized by this excerpt from the testimony of defendant Johnson:

"He (Hoffman) said that he had sold his house and was going to work for the Rawleigh people, and asked me if I would sign a paper showing that he had a good reputation here where he lived, and was a man of good character. I told him I would, and never looked at the paper which he produced to me any further."

Testimony of this kind was offered and received subject to objection and later was stricken out because in no way binding upon plaintiff, hearsay and irrelevant. Even though Hoffman were considered the agent of plaintiff, his act in procuring the required guarantors and their signatures was his own act and for his own benefit. It was not within the scope of his agency. He was not employed for that purpose. Rather, the procurement of the guaranty was a condition precedent to his employment or the continuance of it. A case precisely in point, one of which in reason and authority we consider controlling, is Saginaw Medicine Co. v. Batey, 179 Mich. 651, 146 N. W. 329. See also J. R. Watkins Medical Co. v. Coombes, 66 Okla, 126, 166 Pac. 1072; J. R. Watkins Medical Co. v. Montgomery, 140 Ark. 487, 215 S. W. 638.

There is merit also in the argument that all of the evidence offered in proof of fraud related to the previous or 1920 contract and guaranty, rather than to the renewal contract and guaranty of 1921. The case, however, is not disposed of on that ground, nor do we mean to intimate that the representations made by Hoffman were in fact fraudulent. Our decision on the merits rests upon the one point above discussed.

The only other point for consideration concerns the use of depositions taken in Illinois. There was no notice of the return and filing of the depositions so that at the trial defendants were at liberty to make any objections to their use which could have been made by a motion to suppress. The objection was made that the notice did not "specify the grounds for the taking of the depositions, as required by law," that is, as we understand it, the notice did not specify particularly that the depositions were taken because the witnesses named resided without the state. We digress here to say that it would help very much, if when counsel for appellants predicate error upon the form or contents of a writing, they would see to it that the printed record contains a copy of the controlling document. That has not been done here, the omission not making any easier the performance of our duty of review.

The fact is, as appears from the depositions, that the witnesses whose testimony was so taken did reside in Illinois. The omission of the notice to state that fact as the reason for taking the depositions was a defect of form and cured by statute. Section 8393, G. S. 1913, provides that: "No informality, error, or defect * * * shall be sufficient ground for excluding a deposition, unless [it appears that] the party making the objection thereto shall make it appear * * * that the officer taking the same was not then and there authorized to administer an oath, or that such party was by such informality, error, or defect, precluded from appearing and cross-examining the witness." The omission here complained of is not so serious as those which were held to be within the statute in Rock Island Plow Co. v. Shoening, 104 Minn. 163, 116 N. W. 356.

Defendants put a misplaced reliance upon the rule that "no deposition shall be used if it appears that the reason for taking it

no longer exists" and that it is for the party producing the deposition to show that "sufficient cause then [existed] for using same." Section 8395, G. S. 1913. Atkinson v. Nash, 56 Minn. 472, 58 N. W. 39; Davison v. Sherburne, 57 Minn. 355, 59 N. W. 316. That is true, but "the necessity for using the deposition may appear from the testimony of the witness himself. These witnesses having testified that they resided (in another state), that was sufficient reason for taking and using their depositions. Their continued residence there will be presumed until the contrary is shown. It is not necessary to make further proof that the witnesses were not within the jurisdiction of the court." Lieb Packing Co. v. Trocke, 136 Minn. 345, 162 N. W. 449.

That rule is particularly applicable where, as here, the objection to the use of the deposition was to the sufficiency of the notice and not for the absence of a showing that the reason for taking the same no longer existed.

Judgment affirmed.