# NATIONAL SURETY COMPANY v. L. R. BECKLUND AND OTHERS.[1]

November 19, 1926.

No. 25,553.

**Surety is entitled to contribution from cosureties after paying more than his proportion of liability.**

1. A surety who has paid more than his proportion of the liability is entitled to contribution from cosureties who are bound for the performance by the same principal of the same obligation although on different instruments.

**Misrepresentations of principal not imputable to obligee.**

2. Misrepresentations made by the principal in a bond to induce the sureties to execute it, not imputable to the obligee, are not available as a defense against liability on the bond.

Principal and Surety, 32 Cyc. p. 64 n. 19; p. 277 n. 60; p. 279 n. 75.

See 21 R. C. L. 1134; 4 R. C. L. Supp. 1442; 5 R. C. L. Supp. 1183; 6 R. C. L. Supp. 1302.

Defendants appealed from a judgment of the district court for Pine county, Stolberg, J. Affirmed.

S. G. L. *Roberts*, for appellants.

James M. *Moore*, for respondent.

TAYLOR, C.

On April 1, 1921, the Farmers State Bank of Rock Creek as principal and the plaintiff as surety executed a bond to the county of Pine in the sum of $10,000 to secure the county for county funds theretofore or thereafter deposited in the bank. At the end of May when taxes on real estate were being paid, the county treasurer asked or suggested that the bank give an additional bond so that a larger amount could be deposited therein during this period than would be

[1]Reported in 210 N. W. 882.

permissible under the existing bond. On June 13, 1921, the bank as principal and the defendants as sureties executed a bond to the county in the sum of $5,000 which contained the same provisions and conditions as the bond executed by plaintiff. On February 7, 1923, the bank was closed by the state banking department and then had on deposit the sum of $3,000 of the county funds. Thereafter the county demanded payment of the deposit from plaintiff in accordance wtih the terms of its bond, and on March 27, 1923, plaintiff paid the full amount thereof. Plaintiff then brought this action to compel the defendants as cosureties to contribute their proportion of the loss, being one-third thereof. The court made full findings and rendered judgment for plaintiff. Defendants appealed.

As there is no controversy concerning the amount for which the defendants are liable, if liable at all, we have no occasion to consider that question. The defendants based their defense upon the claim that they executed the bond on the representation and in the belief that it covered only deposits made in excess of the amount covered by plaintiff's bond. Both bonds are on blanks furnished by the county auditor and are identical in form. By their terms they cover all deposits of county funds received by the bank. They bring the sureties thereon within the well established rule which gives a right of contribution from his cosureties to a surety who has paid more than his proportion of the common liability. Young v. Shunk, 30 Minn. 503, 16 N. W. 402; Stone-Ordean-Wells Co. v. Taylor, 139 Minn. 432, 166 N. W. 1069, L. R. A. 1918E, 93; U. S. Fidelity & G. Co. v. Naylor, 151 C. C. A. 20, 237 F. 314; and cases cited in note found in 18 Ann. Cas. 853.

The conversation in reference to giving the additional bond was between the county treasurer and L. R. Becklund, cashier of the bank. Whether it was over the telephone or in the office of the treasurer, they were unable to state. Becklund had the bond for execution. Whether he received it by mail or obtained it from the office of the county treasurer or county auditor, he was unable to state. He testified that after having it at the bank he read it and knew its contents. He executed it as one of the sureties. The

testimony shows that the other sureties executed it at Becklund's request and on his representation that it was to cover any excess of deposits above the amount of the other bond, and that they signed it without reading it. They had no communication with any of the county officers in respect to the bond, and the only misrepresentations which they claim were those made by Becklund. Becklund was the active officer of the bank and acted for it in procuring the execution of the bond, and any representations he may have made cannot be imputed to the obligee and do not affect the liability on the bond. W. T. Rawleigh Co. v. Hoffman, 162 Minn. 57, 202 N. W. 54. Becklund admittedly knew the contents of the bond and none of the defendants bring themselves within the rule which permits a defense on the ground of fraudulent misrepresentations by the other contracting party. The question whether false representations by county officers is available as a defense against such a bond is not involved nor considered.

Judgment affirmed.