## KIEWEL SECURITIES COMPANY v. CHARLES KNUTSON AND OTHERS.[1]

December 10, 1926.

Nos. 25,519, 25,691.

**Deficiency judgment not warranted by findings of fact.**

> The findings of fact, in this action to foreclose a mortgage, that appellant assumed and agreed to pay a promissory note and mortgage securing it, as part of the purchase price of the mortgaged land, that there was default in the payment of the annual interest on the note and the taxes the mortgagors agreed to pay, and that the note, set out in haec verba, matured in 1929, did not warrant the conclusion of law directing the entry of a deficiency judgment against appellant.

Mortgages, 27 Cyc. p. 1656 n. 53.

Defendant Jens Johnson appealed from an order of the district court for Morrison county, Roeser, J., denying his motion to set aside a deficiency judgment. Modified.

*Walter P. Wolfe*, for appellant.

*Frederick J. Miller*, for respondent.

HOLT, J.

The appeal is from a decree and deficiency judgment rendered in a mortgage foreclosure action.

The complaint alleged that defendants Knutson executed their promissory note on July 25, 1920, for value, promising to pay to the order of plaintiff $8,800 on or before June 28, 1929, with interest at 6 per cent payable annually. To secure payment thereof Knutsons executed a mortgage on 240 acres of land in Morrison county, Minnesota, wherein they also agreed to pay taxes. Then it was alleged that default had been made in the payment of the annual interest and taxes "and the plaintiff elects to declare the whole amount secured by said mortgage due and payable, and there is now due on said note and mortgage from the defendants Charles

[1]Reported in 211 N. W. 1.

Knutson and Isabelle Knutson, his wife, the sum of $10,778.00." The further averment is that the Knutsons sold and conveyed the land mortgaged to appellant who "assumed and agreed to pay said note and mortgage" as part of the purchase price of the premises. The prayer was to have the amount due from appellant on said note and mortgage adjudged, a sale of the premises directed, the proceeds to be applied on the amount adjudged due, expenses and costs, barring defendants of the equity of redemption, except as provided by statute, and "for such other relief as may be just." There was personal service on appellant, but he defaulted. Findings of fact were made wherein the promissory note of Knutsons was set out in haec verba, the execution and recording of the. mortgage, the assumption of payment of the note and mortgage by appellant, the default in the payment of interest and taxes, all as alleged in the complaint, and as conclusion of law that plaintiff was entitled to judgment against Knutsons and appellant for $10,823.46, together with $352.59 taxes paid by plaintiff with interest and costs and disbursements, including $75 attorney's fees, that the premises be sold to satisfy plaintiff's claim, reporting thereon to the court, and if not sufficient that plaintiff have judgment for the deficiency against Knutsons and appellant. A decree was entered accordingly on September 14, 1925, and on the coming in of the report of sale, on October 30, 1925, a deficiency judgment was entered against Knutsons and appellant for $2,608.06. The appeal is from the decree as well as from the deficiency judgment.

Before the appeal from the decree was taken, appellant gave notice of a motion to amend the same, so as to eliminate the right to a deficiency judgment. The hearing was for various reasons postponed, and a decision was not rendered until some time after the appeal from the decree was taken. Respondent now asks for a dismissal on the ground that the appeal was waived (a) by submitting and arguing a motion for the same relief asked for by the appeal from the decree, and (b) by accepting part of the benefits of the decree. The appeal was taken in time and properly, and is a matter of absolute right. That appellant also sought the same relief by

motion should not be taken as a waiver of the statutory right to have the appeal from the decree determined. The appeal is both from the decree and the deficiency judgment, so there is nothing to the second point that appellant has accepted part of the benefits conferred by the decree.

Under our decisions it is settled that an acceleration clause in a mortgage, not contained in the note which the mortgage secures, does not entitle the holder of the note and mortgage to a personal judgment against the maker of the note and mortgage prior to the due date fixed in the note. White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673; Burnside v. Craig, 140 Minn. 404, 168 N. W. 175; Winne v. Lahart, 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844; Jordan v. Flour City F. & T. Co. 159 Minn. 518, 199 N. W. 231. We do not think there is any merit in respondent's proposition that appellant convenanted to pay the mortgage and is bound by the acceleration clause therein, for he ought not thereby to be held to have assumed any more burdensome position than the mortgagors, and, as stated, a personal judgment cannot be entered against the latter until the due date of the note. But there is not even an opportunity to raise such a point on this appeal, for both the complaint and the findings of fact are that appellant "assumed and agreed to pay said note and mortgage." The findings of fact like the complaint contain no direct statement that the mortgage even contained an acceleration clause. But that aside, the note is set out both in the complaint and findings, and that is decisive and does not authorize the deficiency judgment directed in the conclusions of law and entered against appellant on confirmation of the sale.

We need not consider the point that a deficiency judgment was not asked for in the complaint and therefore on default such judgment could not be rendered. It may be said that appellant has support in Doud, Sons & Co. v. Duluth M. Co. 55 Minn. 53, 56 N. W. 463; Peach v. Reed, 87 Minn. 375, 92 N. W. 229.

Respondent urges that nevertheless the judgment should be allowed to stand as security pending the maturity of the note. Courts

may not place an encumbrance on appellant's lands or grant plaintiff security additional to that received under the mortgage and note.

The conclusion of law authorizing a deficiency judgment is stricken and the decree modified accordingly, and the personal deficiency judgment entered and docketed against appellant is vacated and set aside.

PER CURIAM.

This appeal, from an order refusing to modify the decree and vacate the deficiency judgment against appellant in the foregoing case, is now moot, all the relief asked being granted in the appeal from the decree.

The appeal from the order is therefore dismissed.