# E. F. SCHLOZER AND OTHERS v. EDWARD HECKEROTH AND OTHERS.[1]

June 8, 1928.

Nos. 26,585, 26,586, 26,587, 26,588.

**Directors' guaranty of payment of their company's bonds construed.**

The United States Cereal Company issued bonds bearing a guaranty signed by 20 directors each guaranteeing payment of 1/20 of amount of bonds. *Held*: (1) That the obligation of the guarantors is several; (2) that false representations of president of company in procuring signatures to guaranty are not imputable to purchasers of bonds nor available as a defense against such purchasers; (3) that acceleration clause in bonds authorized declaring principal due for default in interest; and (4) that directors are bound to know facts as to guaranty signed by them and indorsed on bonds and cannot avoid liability to purchasers by showing alteration therein made prior to issuance of bonds.

Corporations, 14a C. J. p. 697 n. 50.
Guaranty, 28 C. J. p. 927 n. 48; p. 938 n. 64; p. 999 n. 33.

Plaintiffs, holders of bonds of the United States Cereal Company, brought four actions in the district court for Ramsey county to recover upon a guaranty signed by the directors of the company to secure the payment of the bonds. The actions were consolidated for trial. There was a verdict for the plaintiff in each case, and seven of the defendants appealed from an order, Hanft, J. denying their alternative motions for judgment or a new trial. Affirmed.

*Kerr, Nelson, Burns & Mohan,* for appellant Edward Heckeroth.

*Orr, Stark & Kidder,* for appellant A. M. Bayer.

*Douglas, Kennedy & Kennedy,* for appellants John Reichenberger, A. M. Hillman, M. C. Zipoy, H. H. Korfhage and Herman Kretz.

*F. W. Foote,* for respondents.

[1]Reported in 219 N. W. 921.

TAYLOR, C.

These four actions were tried together. They rest upon the same facts, present the same questions, and are submitted upon the same record and briefs. The plaintiffs are holders of bonds issued by the United States Cereal Company. The bonds were secured by a trust deed executed by the cereal company to the St. Paul Trust & Savings Bank as trustee, and also by a guaranty printed thereon bearing the signatures of 20 directors of the cereal company. The names of the guarantors are not given in the body of the instrument and appear only in the signatures thereto. The guaranty recites, among other things, that the cereal company has authorized the issuance of the bonds and executed a trust deed to secure their payment, that the undersigned are directors and stockholders of the cereal company and interested in its success, and then sets forth the obligation which the signers assume in the following words:

"Now, Therefore, the undersigned do hereby guarantee the payment of said bonds above described and all thereof, and of the interest coupons attached thereto and all thereof, upon the day and days when the same and each thereof become due and payable severally and proportionately, that is to say, that the signatures of each of said guarantors hereto shall be held and considered a guaranty of payment by him of one-twentieth (1/20) of the total amount of principal and interest of the said bonds and coupons and all thereof."

Each bond bears the certificate of the trustee that it is one of the series secured by the trust deed, and that the guaranty thereon is a true copy of the original guaranty filed with the trustee. The actions were brought upon this guaranty and resulted in verdicts for the plaintiffs. The verdicts specified the amount to be recovered by each plaintiff from each defendant, as the guaranty created a several and not a joint liability. Seven of the defendants appealed from an order denying their alternative motions for judgment non obstante or for a new trial, and the term defendants as used hereafter will refer to the appellants.

Defendants contend that they were induced to sign the guaranty by false representations made to them by W. D. McLean, the president of the cereal company and its active representative in the matter of issuing the bonds. The trial court ruled that these false representations were not available as a defense against the plaintiffs. The ruling was correct. The plaintiffs had no part in procuring the guaranty and knew nothing of the representations. The defendants were directors of the company, and it was their duty to know, and they are presumed to know, the nature and extent of the transactions in which the company was engaged and the means adopted for accomplishing the purposes of the company. But this aside, it is well settled that false representations made by or on behalf of the principal obligor or debtor to induce others to guarantee payment of his obligation are not imputable to the obligee, he having no part in procuring the execution of the guaranty. This question was fully considered and determined in two late cases. W. T. Rawleigh Co. v. Hoffman, 162 Minn. 57, 202 N. W. 54; National Sur. Co. v. Becklund, 169 Minn. 177, 210 N. W. 882. Other cases to same effect are cited in Ann. Cas. 1916A, note at p. 505.

Defendants further contend that the bonds had not matured and were not due when the actions were brought. There was a default in the payment of interest, and the question is whether the acceleration clause in both bonds and trust deed authorized the plaintiffs to declare the principal due. Defendants cite cases beginning with White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673, and ending with Kiewel Sec. Co. v. Knutson, 169 Minn. 291, 211 N. W. 1, in which it is held that where a mortgage contains an acceleration clause but the note secured by it does not, the principal may be declared due in a proceeding to foreclose the mortgage but not in an action brought on the note. Here the bonds themselves provide:

"In case of default in the payment of interest on any of said bonds, the principal and all thereof may be declared due in the manner and with the effect provided in said Mortgage Deed of Trust."

The bonds further make specific reference to the deed of trust "for the rights and privileges of the holders of this bond." These provisions made the acceleration clause a part of the bonds; and where it is a part of the note or bond an action may be maintained thereon for the principal as well as the interest. N. W. Mut. Life Ins. Co. v. Allis, 23 Minn. 337; St. Paul T. I. & T. Co. v. Thomas, 60 Minn. 140, 61 N. W. 1134.

Defendants further contend that after they had executed the guaranty an alteration was made therein without their knowledge or consent which released them from liability thereon. This contention is predicated upon the following facts: The guaranty was originally signed by 21 directors and was printed upon the bonds with the 21 names appearing as obligors thereon. At the demand of one of the signers made to McLean, president of the cereal company, his name was erased from the original instrument. This was done before the trustee certified the bonds, and the certifying officer for that reason erased this name from the bonds by drawing an ink line through it at the time he certified them. Defendants would infer that this name was erased from the original instrument by the trustee, but the evidence will not justify such an inference. The trustee had nothing to do with the preparation or sale of the bonds. The cereal company had them prepared and sold them through its own agents appointed for that specific purpose.

An alteration is not deemed material unless it affects the rights or obligations of the party asserting it. Herrick v. Baldwin, 17 Minn. 183 (209), 10 Am. R. 161; Commrs. of Renville County v. Gray, 61 Minn. 242, 63 N. W. 635. The obligors upon this instrument guaranteed the payment of the bonds "severally and proportionately," each guaranteeing the payment of 1/20 thereof. Their liability is several, not joint; and each became liable for 1/20 of the debt and no more, whether the signers were few or many. If the number were 20 or less, striking the name of one or more could not affect the rights or obligations of the others. But, as there were 21 signatures upon the guaranty originally, defendants insist that striking the name of one deprived them of a right of contribution

in case they were compelled to pay a full 1/20 of the debt; and that this having been done without their knowledge, it constituted an alteration which released them from liability.

We may concede that their contention would be well founded if they were strangers to the transaction and had simply guaranteed the performance by a third party of the undertakings of such third party. But they are not strangers to the transaction and are not in position to take advantage of the rule which they invoke. They were directors of the corporation issuing the bonds. The directors had the control and management of the business and financial affairs of the corporation, and the bonds were issued and placed upon the market for sale to the public by authority of the directors. The bonds themselves assured purchasers that they were secured by the trust deed and also by the guaranty indorsed thereon. It was the duty of the defendants as directors to know by what means and in what manner the payment of the bonds was secured, and to know that the representations carried by the bonds in respect to the security for their payment were true; and, as against purchasers of the bonds, defendants cannot be heard to say that they did not know the representations made in the bonds, nor that they are not liable upon the guaranty executed by them which was indorsed upon and put forth with the bonds as a part of the security for their payment and upon which purchasers had the right to rely. In 4 Fletcher, Cyc. Corp. § 2468, it is said:

"Ignorance on part of the directors of any fact which it was their duty to know, and which they would have known if they had exercised ordinary care and diligence in the performance of their duty, cannot be set up by them to escape liability."

In 21 Am. & Eng. Enc. (2 ed.) 896, it is said:

"As a general rule an officer or director of a corporation is chargeable with knowledge of all matters relating to the affairs of the corporation which he actually knows or which it is his duty to know. Thus in actions by strangers against an officer or director the defendant will generally be charged with knowledge of all facts

relating to the condition and business of the company which he might have known by the exercise of due diligence, whether actually known to him or not."

In 3 Thompson, Corp. § 2133, is a statement to the same effect. The underlying principle has been applied in numerous cases but perhaps not upon this precise state of facts. Martin v. Webb, 110 U. S. 7, 28 L. ed. 49; Lyman v. Bank of U. S. 12 How. 225, 13 L. ed. 965; Henderson v. Garner, 200 Ala. 59, 75 So. 387; Porter v. Hallet & Carey Co. 40 S. D. 136, 166 N. W. 525; Folsom v. Smith, 113 Me. 83, 92 A. 1003; Merchants Bank v. Rudolf, 5 Neb. 527; First Nat. Bank v. Drake, 29 Kan. 311, 44 Am. R. 646; Greenville Gas Co. v. Reis, 54 Ohio St. 549, 44 N. E. 271; Hanover Nat. Bank v. American D. & T. Co. 148 N. Y. 612, 43 N. E. 72, 51 A. S. R. 721; Pacific V. & P. Works v. Smith, 152 Cal. 507, 93 P. 85; Lowry Banking Co. v. Empire Lbr. Co. 91 Ga. 624, 17 S. E. 968; Anthony v. Jeffress, 172 N. C. 378, 90 S. E. 414; Gay v. Young Mens Cons. Co-op. Merc. Inst. 37 Utah, 280, 107 P. 237; Hartley v. Ault Woodenware Co. 82 W. Va. 780, 97 S. E. 137; Farmers State Bank v. Haun, 30 Wyo. 322, 349, 222 P. 45; Minn. L. & T. Co. v. Peteler Car Co. 132 Minn. 277, 156 N. W. 255; Beyl v. Swanson, 165 Minn. 278, 206 N. W. 453; Healy-Owen-Hartzell Co. v. Montevideo F. & M. E. Co. 165 Minn. 330, 206 N. W. 646, 44 A. L. R. 1238.

The defendants were directors; and, having permitted bonds bearing a guaranty by which each of them guaranteed payment of 1/20 thereof to be placed on the market and sold, they cannot avoid liability to purchasers by showing that the signature of one of the original guarantors had been erased from the guaranty without their knowledge prior to the issuance of the bonds. As directors they were chargeable with knowledge of the guaranty indorsed upon the bonds as it appeared when tendered to purchasers as security therefor, and are bound thereby.

The order denying a new trial is affirmed as to all the appellants.