## WATKINS PRODUCTS, INC. v. CECIL P. BUTTERFIELD AND OTHERS.
## AMBROSE ROBAK AND ANOTHER, APPELLANTS.

144 N. W. (2d) 56.

July 8, 1966—No. 39,890.

*Clinton W. Wyant,* for appellants.
*Donald J. Diesen,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying appellants' alternative motion for judgment notwithstanding the verdict or for a new trial.

On May 14, 1962, Watkins Products, Inc., and Cecil P. Butterfield entered an agreement contemplating the sale of Watkins' products to Butterfield for resale by him to the public. On May 15, 1962, appellants, Ambrose Robak and Doris Robak, executed a document attached to this agreement reading in part as follows:

"In consideration of the execution of the foregoing agreement by Watkins Products, Inc., which we have read or heard read, and fully understand * * * we, the undersigned sureties, * * * jointly, severally and unconditionally promise, agree and guarantee to pay for said goods and other articles * * * at the time and place, and in the manner in said agreement provided."

The present action was instituted by Watkins against Butterfield and the Robaks to recover $1,441.05 with interest for merchandise delivered between May 23, 1962, and November 20, 1962. The defendants Robak pleaded affirmatively that they were induced to execute an "unknown document" by Butterfield's representations that they were "signing a character reference only."

The trial judge directed a verdict for plaintiff upon the theory that the amount due from Butterfield to Watkins being undisputed, the evidence adduced by the defendants Robak was insufficient to support findings of fact which would justify nullification of their promise to pay Butterfield's indebtedness. The issue on appeal is whether this decision was correct.

■ The evidence is adequate to support a finding that the Robaks were induced to execute the May 15, 1962, agreement by misrepresentations made by Butterfield. But the law is well established in this state that misrepresentations by the principal do not release a surety from his contractual obligations to the assured obligee.[1]

---

[1] See, National Surety Co. v. Becklund, 169 Minn. 177, 210 N. W. 882; Schlozer v. Heckeroth, 174 Minn. 525, 219 N. W. 921; Neefus v. Neefus, 209 Minn. 495, 296 N. W. 579; W. T. Rawleigh Co. v. Hoffman, 162 Minn.

■ Although appellants' answer does not allege fraudulent misrepresentations by plaintiff, an attempt was made at trial, over plaintiff's objection, to establish that the misrepresentations were attributable to Watkins Products, Inc., because A. T. Kilian, acting for Watkins Products, Inc., authorized or confirmed Butterfield's assertions that the agreement executed by the Robaks was merely a character reference. We have examined with care the evidence by which appellants sought to establish that Kilian, acting in behalf of Watkins Products, Inc., and as its agent, made or participated in the making of misrepresentations upon which they could reasonably rely as a basis for relief. It is not sufficient. We agree with the comments of the trial judge set out in his memorandum, reading as follows:

"When two competent parties who can readily read and write, sign a guaranty agreement and the plaintiff on the basis of the guaranty extends credit to the other defendant, there is nothing left for a Court to do but to find a judgment against such guarantors. * * * People who sign documents which are plainly written must expect to be held liable thereon. Otherwise written documents would be entirely worthless and chaos would prevail in our business relations."

Affirmed.

57, 202 N. W. 54; Standard Surety & Cas. Co. v. Olson (8 Cir.) 150 F. (2d) 385. See, also, Annotation, 71 A. L. R. 1279.