WHEELER & WILSON MANUF'G CO. *v.* HOWARD.[1]

*(Circuit Court, E. D. Missouri.* September 25, 1886.)

1. **DEEDS EXECUTED AT SAME TIME, FOR SAME PURPOSE.**
    Where a deed of trust and mortgage are executed at the same time to secure the same notes, they should be considered as one instrument.

2. **MORTGAGES—PROVISION AS TO NOTES BECOMING DUE IN CASE OF DEFAULT.**
    Where a mortgage provides that, upon default in the payment of either of the notes secured thereby, all shall become "immediately due, at the option of the holder," "immediately due" means "immediately upon or after the holder's election," and he is not bound to elect immediately after default.

3. **SAME.**
    Such a provision does not simply render the notes due for purposes of foreclosure in case the option is exercised, but for all purposes.

At Law. Demurrer to petition.
*Farish & Jones,* for plaintiff.
*M. W. Huff,* for defendant.

BREWER, J., (*orally.*) In this case there are demurrers to the second and third counts of the petition. The question rests on these facts: In the spring of 1885 the defendant executed three notes, due, respectively, in one, two, and three years. At the same time, to secure those notes, he executed a deed of trust and a mortgage. In one of those instruments it was stipulated that, upon default in payment of either of the notes, the entire indebtedness should immediately become due; in the other, that, upon default in the payment of either note, all should, at the option of the holder, become due. The note due in the spring of 1886 was not paid, and the holder of the three, who was the payee of the three, gave notice of his option, and declared that all were due, and brought this action at law upon the three notes, setting up one in each count; in the second and third counts averring these stipulations in the deed of trust and in the mortgage, and the exercise by him of his option, and notice thereof to the maker.

The demurrer runs to these last two counts, and it is insisted that the effect of such a stipulation is to render the later notes due simply for the purpose of a foreclosure of the deed of trust and mortgage; that, if such foreclosure is had, the entire debt is to be considered due, in order that the proceeds of the sale may be distributed immediately, and not retained in the hands of the trustee until such time as the later notes become due, and that it does not have the effect of an absolute stipulation, making these later notes due for all purposes.

In the case of *Noell* v. *Gaines,* 68 Mo. 649, the question was presented to the supreme court of this state, and by it it was held that such stipulation was absolute and general; that it made all the notes

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

due, and due for all purposes. It is true, there is a dissenting opinion of great vigor, written by Judge HOUGH, in which he shows, I think satisfactorily, that the opinion of the majority is a departure from the prior rulings of that court. But that ruling, made in 1878, has not been disturbed. So far, therefore, as this court is bound to follow in such a question the ruling of the supreme court, we must hold that these three notes became due, and due for all purposes.

Independent of that decision, it is in accord with my own views of what the law is. It is elementary that where two instruments are executed at the same time, having reference to the same transaction, they are to be construed as though there was but one instrument. Now, here, according to the averments of this petition, this mortgage and this deed of trust were executed at the same time, and to secure these notes; they were parts and parcels of one transaction, and are to be construed as one instrument; and if there were but one instrument, and that containing a promise to pay money at three separate times, with a proviso that, upon a failure to pay the first sum at the time named, all should become due, I cannot see how, logically, we can escape the conclusion that the parties have made an absolute, unconditional stipulation, operative under all circumstances and for all purposes. I had occasion, when I was on the supreme bench of my own state, to consider this matter in two or three cases, and that was the conclusion I then came to, and it is unchanged. I am aware that Judge HOUGH, in his dissenting opinion, suggests certain contingencies in which the application of this rule, where there are several negotiable promissory notes secured by mortgages or deeds of trust, might work out some embarrassments; but still I do not think that the possibility of such embarrassments can avoid the clear force of the language the parties have used. I do not see why they cannot make such a contract; and if they made it, and its language is clear, I do not see why the courts should not give force and effect to it. The demurrer will be overruled.

Judge TREAT wishes me to suggest that there are in this case no questions of indorsements, or the liabilities of indorsers, on various negotiable notes held by different parties in ignorance of the existence of the mortgage. Those are among the contingencies suggested by Judge HOUGH in that dissenting opinion. This case arises directly between the payee and the maker, without any extrinsic or collateral questions involved, and it is plainly limited to what was the effect of the contract between the parties.

There is one further matter that I omitted. The stipulation in one of those instruments was that the notes should immediately become due; in the other, that the notes should become due at the option of the holder. Now, there is a difference between the terms of those two stipulations; and, construing them together, counsel for the defendant insisted that the option should be exercised at the moment the first note became due, and that, this not being done, both

stipulations ceased to have force. I think this is a mistake. "Immediately due at the option of the holder" means "immediately upon or after his election," and not "immediately upon default, providing he immediately elects." Such provision was for his benefit, and the notes did not immediately become due, but only upon his option, which might be exercised thereafter, and might consequently postpone the maturity of the notes.