# CHARLESTON.

R. KEMP MORTON *v.* ROCK BOTTOM COAL COMPANY.

Submitted April 25, 1922.   Decided May 9, 1922.

1.  APPEAL AND ERROR—*Unless the Court Acted Arbitrarily or Abused its Discretion in Setting Aside a Verdict Rendered in Defendant's Absence, its Judgment will Not be Reversed.*

    Unless it clearly appears that the circuit court has acted arbitrarily or abused its discretion in setting aside the verdict of a jury rendered in the absence of the defendant and his counsel after appearance and filing of pleas and motion to dismiss, this court will not reverse the judgment setting aside the verdict and all proceedings had subsequent to the entry of such pleas and motion.   (p. 173).

2.  MORTGAGES—*Provisions in Secured Bonds that Payment Shall be Subject to all Mortgage Provisions Held Not to Enlarge Bondholders' Rights.*

    A provision in bonds secured by a deed of trust or mortgage which refers to the mortgage and provides that the payment thereof shall be "subject to all the provisions thereof," properly construed, does not enlarge the rights of a bondholder not in specific terms or by necessary implication given by the instrument referred to; and so far as his rights as a bondholder are concerned, he is subject to all burdens and limitations therein contained.   (p. 174).

3.  SAME—*Acceleration Provision of  Trust Deed Held Not to Mature Bonds for Any Purpose Other Than Foreclosure.*

    One of the provisions of the deed of trust involved and relied on in this case is that the principal of the bonds thereby secured should  become due and payable on default of payment of the interest on the bonds, or for a breach of certain other covenants therein, which should continue for a period of thirty days.   Properly construed with reference to all other provisions and covenants therein, such accelerating clause did not operate to mature the bonds for any purpose other than for the purpose of foreclosure of the deed of trust by majority

action of the bondholders or the action of the trustee as provided in the deed. (p. 175).

4.    Same—*Acceleration Provision of Trust Deed Held Not to Enlarge Bondholders' Right to Sue at Law on Bond Before Maturity.*

Nor did another provision in said deed of trust negativing the exclusiveness of the remedy thereby provided and preserving to the holders of the bonds all rights and remedies then or thereafter existing, either at law or in equity, in terms or by implication enlarge the rights of bondholders or give them right to sue at law on the bonds or coupons before their maturity. (p. 179).

Error to Circuit Court, Kanawha County.

Suit by R. Kemp Morton against the Rock Bottom Coal Company. From a judgment of nil capiat, the plaintiff brings error.

*Affirmed.*

*Morton & Mohler* and *Chas. G. Peters,* for plaintiff in error. *Henry S. Cato,* for defendant in error.

Miller, Judge:

This suit was begun by notice of motion for judgment upon two of forty bonds of $500.00 each, aggregating $20,000.00, with interest coupons attached, and secured by a deed of trust executed by the defendant company to Frederick L. Thomas, Trustee, and according to the face of the bonds covering all of the property of the defendant company, consisting of real estate in fee, and personal property.

The original notice, dated November 13, 1920, was served on the defendant November 19, 1920, and filed in the clerk's office November 22, 1920, and gave defendant notice that the motion for judgment and award of execution on the bonds would be made on December 11, 1920.

According to the record defendant appeared in court by counsel February 15, 1920, craved oyer of the two bonds and writing obligatory alleged in the notice, and by writing demurred to and moved to quash and dismiss the notice.

At a subsequent day, February 18, 1921, in the absence of

defendant and its counsel, the order recites that defendant was called, and failing to appear and make defense, oyer of the two bonds and sealed instrument and each of them was nevertheless granted, and they were read in open court, and the defendant still failing to appear to allege anything in support of its demurrer theretofore filed, the same was argued by counsel for plaintiff, and overruled by the court. And a jury being called, impaneled and sworn, the court, on motion of plaitniff, having heard the evidence on behalf of plaintiff, instructed the jury on the law of the case, and they then retired and returned a verdict for plaintiff for $1,087.25, the principal and accrued interest on said bonds.

The following day, February 19, 1921, before judgment on the verdict, defendant appeared and moved the court to set aside the verdict and all proceedings subsequent to the filing of its demurrer and motions, on the ground of surprise, and in support thereof filed the affidavit of its attorney, which motion was resisted by plaintiff, who filed in support thereof his own and the affidavits of his law partner and of the deputy clerk of the court, which motion the court took time to consider, and later, on March 15th, sustained defendant's motion to set aside the verdict, and set aside all proceedings in the case subsequent to February 15, 1921, the date of the filing of defendant's demurrer, and plaintiff excepted, and on April 9, 1921, had made up and certified by the court a bill of exceptions, setting forth in detail all the proceedings and the evidence adduced before the jury on the trial, including the bonds sued on and the deed of trust securing the same, leaving the case still pending on the original motion for judgment.

At a subsequent term of the court, on November 18, 1921, the court proceeded to hear the arguments of counsel upon said demurrer and motion to quash plaintiff's notice, the plaintiff joining therein, and the said two bonds and deed of trust sued on were again read in open court, and the court sustained defendant's demurrer and motion to quash, but gave leave to plaintiff to amend his notice of motion, and the plaintiff again excepted.

Thereupon plaintiff tendered his amended notice, and de-

fendant appeared thereto and again craved oyer of the bonds and deed of trust, which were read to it, and it then demurred to the amended notice and moved the court to dismiss and quash the same, in all of which plaintiff joined, and having heard said demurrer and motions, and the arguments of counsel thereon, the court sustained said demurrer and motion to quash, and the plaintiff not desiring to further amend, the court pronounced the judgment of nil capiat now complained of.

By the amended notice the date, amount, rate of interest, and the date of the maturity of these bonds are set forth, it being alleged that defendant thereby promised to pay the bearer the principal thereof on March 24, 1924, the interest thereon being payable semi-annually, on the fifth days of March and September respectively of each year during the running thereof until paid.

And it is averred that it was further provided in each of said bonds that: ''The payment of this bond is secured by, and subject to all the provisions of a duly recorded deed of trust bearing even date herewith, executed and delivered by said Company to Frederick L. Thomas, of Charleston, West Virginia, Trustee, in trust to secure the payment of the principal and interest of this bond, and performance of the conditions therein contained.''

The first notice furthermore alleges that the full amount of principal and interest together with the two installments of interest thereon due March 5th and September 5th, 1920, were then due and unpaid to plaintiff by virtue of paragraph eleven of said deed of trust, particularly section (a) thereof, providing that the principal of said bonds secured thereby should become due and payable; (a) on default in payment of interest on said bonds, or any of the other covenants contained therein, which should continue for the period of thirty days; (b) in case of insolvency, bankruptcy or general assignment for benefit of creditors; and, (c) if any lien should be obtained or process levied upon or enforced against the property covered by the deed of trust, which in prior paragraphs defendant had covenanted against. Paragraph twelve in addi-

tion provided for forfeitures for non-payment of taxes, liens, etc., but that default in the performance of any of such covenants might be waived by a majority in interest of the bondholders; first, by an instrument in writing under their hands and seals; or, second, by a vote of such majority at a meeting duly convened and held, instructing the trustee to waive such default.

A provision of paragraph sixteen of said deed of trust is also alleged and relied on, as follows: "No remedy herein conferred upon, or reserved to the trustee or to the holders of bonds hereby secured, is intended to be exclusive of any other remedy, but each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now existing or hereafter to exist, at law, or in equity, or by statute." And it is averred in this connection that plaintiff had not waived the default in the payment of interest, nor had the default therein been waived by a majority in interest of the bondholders at a meeting called according to a provision thereof in the mortgage.

And it is also averred that by the several provisions in said bonds and deed of trust right of action had accrued to plaintiff to move for judgment and award of execution upon said bonds and the two interest coupons aforesaid, with interest thereon as aforesaid.

The first ground urged for reversal is the action of the court in setting aside the verdict of the jury and all proceedings subsequent to February 15, 1921. The substance of the affidavit of defendant's counsel filed in support of its motion, is that he was present in court the day prior, and remained for a while, and finding there was a case on trial before the jury in which plaintiff was counsel, which was likely to continue for some time, he called the attention of the court to the fact of his presence, and to the entry of his appearance, and his demurrer and motions, and said that he had a definite understanding with him that he was to be called immediately on the conclusion of the case on trial; that he was in his office practically continuously during court hours thereafter, and was not called and was greatly sur-

prised when he learned on the evening of that day that the case had been called and formally tried by a jury; that he at once called the judge by telephone and arranged to present his motions to set aside the verdict etc. the next day. The counter affidavits of plaintiff and his witnesses recite warnings by plaintiffs to defendant's counsel to be on hand when the case was called, and that some effort was made to get counsel by telephone, without success.

Of course the rules of practice in setting aside verdicts and awarding new trials on grounds of surprise and the like require a showing of due diligence on the part of the complaining party. *Bennett* v. *Jackson,* 34 W. Va. 62. In this case defendant had appeared and demurred to and moved to quash and dismiss the notice. It was prompt and diligent at every stage of the case up to this point, and counsel's affidavit states a special understanding with the judge, not controverted, that he should be called. There was really no necessity for a jury, the action being on sealed instruments, unless perhaps upon the question of plaintiff's non-waiver of the alleged default in payment of interest, if material. Without this the questions presented by the pleadings and motions were questions of law for the court. Considering the nature of the case and the evidence on the motions to vacate the verdict, we can not say the court's action in setting aside the verdict was arbitrary and beyond the rule of discretion applicable to cases of this character.

The sole question left for decision presented by the defendant's demurrer and motions to quash the original and amended notices is whether maturity of the bonds was by section (a) of paragraph eleven of said deed of trust or by any other provision of the bonds or of the deed of trust accelerated by the default of the defendant in the payment of the two installments of interest represented by the coupons thereto attached, so as to give plaintiff immediate right of action against the defendant thereon, and for judgment and award of execution as alleged.

The contention of counsel for plaintiff is that the bonds and deed of trust must be taken as one in determining his rights;

that the provision in each of the bonds that, ''payment of these bonds is secured by and subject to all the provisions of a duly recorded deed of trust bearing even date herewith * * * to secure the payment of the principal and interest of this bond, and the performance of the conditions therein contained,'' plainly refers to and incorporates in the bonds, for all purposes, all the provisions of the deed of trust including the provision of section (a) of paragraph eleven thereof for the maturity of the bonds for default in payment of interest as therein provided, as manifested by paragraph sixteen, already quoted, negativing the exclusiveness of the remedy thereby provided, and declaring it to be cumulative only of all the other remedies given thereunder, or then or thereafter existing, at law or in equity.

It is argued by counsel for defendant that plaintiff can not properly predicate his right to proceed by notice for judgment on section 6, chapter 121 of the Code, giving any person entitled to recover money by action on any contract right to move for judgment; (1) because the bonds on their face were not due; (2) because the deed of trust was executed, not to plaintiff, but to Frederick L. Thomas, Trustee, covering certain property, to secure the payment of the bonds, and containing no contract or promise to pay plaintiff any sum of money, or as having the legal effect to mature the bonds held by him, except for the purposes of foreclosure. It is said that the statute giving this summary remedy, being in derogation to the common law, is subject to the rule of strict construction, and properly construed will not permit the holder of the bonds due in 1924 to sue and obtain judgment in 1920, or before maturity of the bonds. It is conceded that if the bonds were due, the plaintiff might proceed under the statute by notice of motion for judgment. In support of this proposition counsel mainly rely on the opinion of Sedgwick, Judge, in *Mallory* v. *West Shore Hudson River Railroad Co.*, 35 N. Y. Super. Ct. Rep., (3 Jones & Spencer), 174. In that case the bonds sued on were payable to Murdock and Duncan, who certified on each bond, among other facts, that the said series of bonds was secured by a first mortgage, which contained a

provision that "the principal sum secured by said mortgage shall become due, in case the interest on the bonds remains unpaid for four months." The bonds contained no such provision and did not refer to the mortgage. Plaintiff was denied right of recovery on the ground that the provision referred to in the deed of trust was not intended to give the bondholders right of action upon them for the principal of the bonds for non-payment of interest, but to give the trustee named in the mortgage, (with whom, in trust for the bondholders, the covenant was not made), a right of action upon it for the foreclosure of the mortgage, thus making the mortgage a more complete security to the bondholders.

The complaint in that case alleged an agreement of the defendant that in default of payment of interest due or to become due on the bonds, then and in that case the whole principal sum mentioned in all and each of the bonds should forthwith become due and payable; and it was held that such an agreement might exist and be referred to so as to modify the tenor of the bonds, though contained in an instrument separate from the bonds. But it was decided that as the covenant in the mortgage was not made with plaintiff, it was necessary to enable him to maintain an action upon it that it should appear that it was made, not only to give the trustees right of action for his benefit, but was made with them to give him right of action upon it, or in other words was made for his benefit, and this not appearing from the evidence, or upon proper construction of the bonds and mortgage, plaintiff was denied right of recovery of the principal sum. It was held, considering the place in the mortgage where the provision relied on occurred, that properly construed it was made solely with reference to the power of the trustees in the enforcement of the mortgage.

We revert then to the real question, whether under any of the provisions of the bonds sued on, or of the deed of trust, right of action had at the time of this action accrued to plaintiff to sue for the principal of the bonds. It is conceded that he had present right of action on the past due coupons, but that as the amount represented by those coupons

had been tendered him before action, he was without justification for suing on the coupons. *Hamilton* v. *Wheeling Public Service Company,* 88 W. Va. 573. A better reason for denying plaintiff relief on these coupons is that the amount of the coupons being less than fifty dollars, the circuit court was without original jurisdiction of an action thereon. Section 2, chapter 112 of the Code.

On the main proposition there is much conflict among the decisions. In Missouri, where the question seems to have been first considered, it was held that unless contained in the notes or bonds, the accelerating provision of the mortgage or deed of trust, though made contemporaneously therewith, could not be read into the instruments evidencing the debt, for maturing right of action at law on them. *Morgan* v. *Martien,* 32 Mo. 438; *Mason* v. *Barnard, et al.,* 36 Mo. 384; *Hurck* v. *Erskine,* 45 Mo. 484; *Whelan* v. *Reilly et al.,* 61 Mo. 565. In a later case, however, namely, *Noell* v. *Gaines,* 68 Mo. 649, the two notes involved were secured by a deed of trust. Each note had endorsed upon it the following: ''This note is secured by a deed of trust stamped according to law.'' They matured at different dates. The deed of trust provided that if the maker should fail to pay the debt or interest when the same should become due according to the tenor, date and effect of the notes, then both should become due and payable. In default of the payment of the first note the holder of both caused a sale of the property to be made and the proceeds to be applied, and there being a deficiency, when the second note fell due, he demanded payment of the maker and gave notice of dishonor to the defendant as endorser, and payment was refused. In an action on this note it was held that the demand and notice of dishonor came too late; that plaintiff having elected to declare a forfeiture on failure to pay the first note, the second then became due; and that in order to charge the defendant, demand should have been made and notice given at the time plaintiff elected to mature the notes and default of payment. It was said in the opinion that it could not be said with any show of reason that the notes could under the terms of the contract fall due for one

purpose, that is for the purpose of enforcing the terms of the trust, and not for the other, the maturing of the notes for the purpose of an action at law thereon.   Judge Hough delivered a strong dissenting opinion in this case, in which he adhered to the prior decisions of the court as being supported by sounder reasons, and in which he reviewed the former decisions and the decisions of other courts.   In *Wheeler and Wilson Mfg. Co.* v. *Howard,* 28 Fed. 741, from the Circuit Court of the United States, Eastern District of Missouri, Judge Brewer, in an oral opinion, following *Noell* v. *Graves,* held that in such cases notes and deeds of trust securing the same, executed at the same time, should be considered as one instrument, and that where the mortgage provided that upon default of payment of one or more of the notes all should fall due immediately, at the election of the holder, "immediately" meant immediately upon or after the holder's election, and that he was not bound to elect immediately after the maker's default, and that such election rendered the notes due for all purposes.

In a later case from the same judicial circuit, *Brewer* v. *Penn Mut. Life Ins. Co.,* 94 Fed. 347, 36 C. C. A., 289, the rule announced by Judge Brewer was adhered to as being the law of that circuit, and it was held that a similar provision in the mortgage there under consideration gave the holder of the notes secured the right on default of interest to declare the notes due for all purposes and to collect them by suit in the ordinary form, as well as by foreclosure.   In his opinion in that case Judge Thayer, referring to *Manufacturing Co.* v. *Howard, supra,* says: "Since this decision it has been very generally regarded as establishing the law in this circuit, the question being one of general law."   But he says this rule is at variance with that affirmed in *White* v. *Miller,* 52 Minn. 367; *McClelland* v. *Bishop,* 42 Ohio St. 113; and *Owings* v. *McKinzie,* 133 Mo. 323.   In the latter case the case of *Noell* v. *Gaines, supra,* is distinctly overruled, and the cases cited from Minnesota and Ohio are directly opposed to the rule followed in the two federal cases cited.   The reasons for the holdings in Ohio and Minnesota are given at length in the

opinions and need not be repeated here. In *American National Bank* v. *American Wood Paper Co.*, (R. I.), 29 L. R. A. 103, the bonds sued on did not make the terms of the mortgage a part of the contract; they simply recited that they were secured by a mortgage. The mortgage provided that in case of default, one-third of the holders in amount might require the trustee to sell the property, and in the same clause it was provided that upon default of interest the bonds should forthwith become due and payable. The court said: "We think this is a provision only for the purpose of foreclosure for entry or sale," and cites the cases in accord with this ruling, already referred to. The court also cites the cases holding the contrary, saying: "But we think that the weight of authority, the purpose of the provision, and the reason on which its construction depends, are against it." Based on these authorities, Mr. Fletcher, in 2 Fletcher Cyc. Corporations, §1063, concludes that a mere reference in the notes to the mortgage will not be sufficient to import into the bonds the accelerating clause of the mortgage, inserted there for the purpose of the mortgage alone; but that if the terms of the mortgage make it clear that it was intended thereby to mature the notes on default of interest or some other covenant, or to give the bondholder right of election to do so, the contract evidenced by the bonds and mortgage will be given effect according to the intent of the parties. We think this is the proper rule to be deduced from the decisions cited and the reasons on which they are predicated.

In the case at bar the bonds, as we have seen, do make reference to the mortgage and provide that the payment thereof shall be "subject to all the provisions thereof;" but the bonds have a definite and fixed date of maturity provided therein. What was meant by the provision that payment thereof should be subject to all the provisions of the mortgage? There is nothing in the deed of trust to postpone the day of payment, stipulated in the bond. Nor does any of the provisions of the deed of trust accelerate payment or give right of action to individual bondholders unless it be the provision of section eleven referred to. But in the light

of the law and the best reasoned cases, we are of opinion that
while this paragraph does accelerate maturity of the bonds for
some purposes, the consequences to follow such maturity are
set forth in the following paragraphs.  By paragraph eleven
authority is given to a majority in interest of the bondholders
to authorize the trustee to waive the default; and by para-
graph thirteen the trustee may in his discretion, and on de-
mand in writing of such majority shall proceed, (a) to sell
the property as provided, or (b) proceed by suit in equity
or at law, as upon the advice of counsel he shall deem most
effectual to enforce such rights.  And by paragraph fifteen
right of action under the deed of trust is vested exclusively
in the trustee, as it is provided therein that under no cir-
cumstances shall any holder or any number of holders of
bonds or coupons have any right to  institute an action or
other proceeding under said indenture for the purpose of en-
forcing any remedy therein or thereby provided.  So it seems
that the provision of paragraph sixteen, much relied on by
plaintiff, though as observed negativing exclusiveness of the
remedy provided in the deed of trust and preserving the
rights of individual bondholders, then or thereafter given
by law or in equity, does not imply enlarged rights specifi-
cally given by the instrument; for the provisions thereof
plainly point to majority action under the provisions of the
trust to secure equal and pro rata distribution of the pro-
ceeds of sale and of beneficial interests therein; and as we
have pointed out, the specific provision of the bonds is that
payment thereof shall be subject to all the provisions of the
deed of trust.  In the recent case of *Shanabarger* v. *Phares,*
86 W. Va. 64, we decided that though a negotiable note and
an instrument creating a lien on real estate to secure the
payment thereof are related documents, usually executed at
the same time, and may be, and sometimes should be con-
strued together for some purposes, they do not necessarily
constitute one instrument in the legal sense of the term, and
should be so interpreted as to permit each to perform its
functions agreeable to the intent of the parties.  In *Fleming*
v. *Fairmont & Mannington Railroad Company,* 72 W. Va. 835,

we held that the common-law right to sue upon a bond is not affected by the remedies provided in the mortgage given for its security unless the provisions of the mortgage excludes such right in express terms or by necessary implication; and furthermore that execution on a judgment in such action is not leviable upon property covered by the mortgage. So that the judgment and award of execution in this case would give the plaintiff no superior right over the bondholders, unless perhaps by levy upon property of the defendant outside of that covered by the deed of trust, if any. As to that however he has all the remedies given by law or in equity upon the bonds according to their terms, which we do not think by proper construction of the deed of trust are enlarged thereby. The purpose of the provision of the deed of trust relied on was simply to preserve these rights according to the letter of the bonds. And so far as the provisions of the deed of trust are concerned, they all plainly import majority action and equality and pro rata division in the administration of the property covered by the deed of trust.

For these reasons we are of opinion to affirm the judgment, without prejudice to plaintiff's rights and remedies.

*Affirmed.*