## LUDINGTON LUMBER CO. v. METROPOLITAN NAT. BANK OF MINNEAPOLIS.

### No. 5754.

Circuit Court of Appeals, Sixth Circuit.

Jan. 4, 1932.

J. T. McAllister, of Grand Rapids, Mich. (McAllister & McAllister, of Grand Rapids, Mich., and A. A. Keiser, of Ludington, Mich., on the brief), for appellant.

S. H. Maslon, of Minneapolis, Minn. (Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., and Brill & Maslon, of Minneapolis, Minn., on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

The plaintiff below, appellee here, brought suit at law as the holder of a promissory note for $18,000, dated September 1, 1926, due in ten years, with interest payable semiannually. The note embodied this paragraph: "This note is secured by a trust deed of even date herewith, made to Ernest F. Smith, Trustee, on real estate situated. * * * The Trustee may, or shall, in case of any default in the terms of the said trust deed herein referred to (reference to which is hereby made), declare all amounts secured thereby due and payable and proceed to enforce it according to its terms." Upon the back of the note was indorsed: "For value received, the undersigned hereby guarantees the collection and payment of the within note. * * * [Signed] Ludington Lumber Company."

On February 24, 1928, the trustee, claiming that by default the whole amount had become due, commenced a foreclosure suit in the appropriate Michigan court. The guarantor, which was made one of the defendants, answered and claimed the benefit of the foreclosure, to protect its own liability. After a few months the trustee, against the protest of the guarantor, dismissed this foreclo-

sure; and thereupon the holder of the note brought this suit. The questions involved are: Was the guaranty, in law, one of payment rather than one of collection? Was the guaranty obligation due?

The decisions are to some extent in conflict as to whether a guaranty of "collection and payment" should be treated as if it were an independent guaranty of payment or should be limited to an assurance of payment through collection. The question is, of course, one of intent; but as to the simple and uncomplicated case and without regard to any acceleration, we think the words "collection and" do not operate as a limitation but create two promises, either of which the creditor may pursue at his election. If the two appropriate remedies were so related that each would produce in the end precisely the same result, there would be force in the suggestion that the guaranty of collection, necessarily including ultimate payment and so covering both, would be considered the dominant promise, leaving the other as surplusage; but the results of enforcement are not necessarily the same. Proceeding first for collection against the maker may be practically advantageous to the creditor, or to the guarantor; and the reverse order of proceeding may be advisable from either standpoint, though less commonly from that of the guarantor. Further, the guaranty of collection secures the creditor against costs and expenses, perhaps in considerable amount, which it could not recover under a guaranty of payment merely. Of the cases cited,[1] as directly in point, we think the later case in New York, practically overruling the earlier one, states the better rule.

There remains to consider the effect of the acceleration clause and its exercise, because except for that this action is premature. It is argued that since the subject-matter is fully covered by the provision on the face of the note, this provision alone must control, regardless of what may be found in the trust deed, and that by this provision, considered alone, the power to accelerate is coupled with the duty to foreclose so that one cannot stand without the other, and hence that the abandonment of the foreclosure by the trustee abandoned also and destroyed any continuing force in the election which he had made, when he began his foreclosure, to declare the whole amount due. It is pointed out that in the cases in which an acceleration, under the terms of the security, has been held to bind

---

[1] Baxter v. Smack, 17 How. Prac. (N. Y.) 183; Tuton v. Thayer, 47 How. Prac. (N. Y.) 180; Square Butte Bank v. Ballard, 64 Mont. 554, 210 P. 839.

the guarantor, the power had been confided to the creditor, so that it was to be exercised as an incident to the debt guaranteed, rather than confided to a stranger to the debt, the trustee, so as to be exercised only in aid of the security.[2] This matter also involves the question of intent, which may commonly be determined specially from the facts of the particular case. We find in this record two circumstances which seem to have particular bearing upon the intent of the guarantor to be bound immediately to pay the whole amount if there were any default. The first is one which is not completely pertinent, because it indicates only what would have been the reasonable, probable, actual intent. The entire arrangement was primarily for the benefit of the guarantor,—the lumber company. The note maker contemplated erecting a building and desired the guarantor to sell to him the building material, and incidentally to finance or find a way to finance the remaining cost of the building operation. Accordingly, the guarantor applied to the Lumberman's Finance Corporation, between which and the guarantor there existed a contract that the finance corporation would advance the capital for such operation, taking mortgage security upon the property, and that the Ludington Company would guarantee the payment of all sums of both principal and interest, when due. Out of the $18,000 first lien principal, under this note and trust deed, the guarantor received about $6,000 in payment for the building materials which it was thus enabled to sell to the note maker. This situation quite removes the occasion for that strict construction in aid of diminution of liability which the guarantor for accommodation sometimes receives.

The second is that by the trust deed the power, in case of any default, to declare the whole amount due, was to be exercised by the trustee at the option of the note holder, the guarantor or the trustee. Thus the guarantor, although not a party to the trust deed, was entitled to rights thereunder. Since the trust deed neither gave to the guarantor any power to foreclose, nor directed the trustee to exercise such power for the benefit of the guarantor, it is clear that the latter's rights in the security would be by way of subrogation; and it could not have subrogation without payment, nor could it have the right to make payment before maturity. The power to accelerate maturity was therefore a right valuable to the guarantor,

but it received this right only in association with the same right given by the same words to the trustee. That the guarantor should have the benefit of this election as against the note holder and the trustee, but should not be subject to its exercise by them, is, we think, an untenable claim.

Hence, without deciding what rule of construction might otherwise be applied, we conclude that the trustee's right to declare the whole amount due was not limited by any duty of concurrent and continuing foreclosure, as might be implied from the note alone, but was as unlimited thereby as was the guarantor's corresponding right, both arising under the trust deed; and hence that the guarantor's duty to pay the whole amount was rightly advanced and matured.

The decree below is affirmed.

[2] Wheeler, etc., Co. v. Howard (C. C.) 28 F. 741; Brewer v. Penn Mutual (8 C. C. A.) 94 F. 347; and cases cited in note 34 A. L. R. 848. There are Missouri and Minnesota cases contra.