This matter comes before me on a motion by solicitor of defendant to strike out the bill of complaint on the ground that it discloses no cause of action and that complainant is not entitled to the relief prayed for.
The bill of complainant was filed on February 4th, 1936, to foreclose a mortgage dated July 26th, 1927, made by defendants, Frederick Moser and Agatha Moser, his wife, to Hermann Haase in the sum of $4,000, which mortgage was given to secure a bond made by the defendants to the said Hermann Haase bearing even date therewith and payable July 1st, 1932, with interest at five per centum per annum, payable semi-annually on the first days of January and July in each and every year from the date thereof. Said mortgage was duly recorded in the register's office of Hudson county on July 27th, 1927. The mortgage covered premises in the city of Jersey City, Hudson county. It appears that the mortgagee, *Page 438 
Hermann Haase, on January 14th, 1932, entered into an agreement for the extension of the time of payment of the principal until July 1st, 1937, with interest at five per centum payable semi-annually on the 1st days of January and July in each and every year. On July 6th, 1932, Hermann Haase died testate and bequeathed the bond and mortgage to Ottilie Haase. Ottilie Haase was adjudged a lunatic on September 11th, 1923, pursuant to a writ de lunatico inquirendo issued out of this court. On January 17th, 1934, Honorable John J. Fallon was duly appointed guardian of the said Ottilie Haase, a lunatic, by the orphans court of Hudson county in the place and stead of a former guardian, August G. Feickert, who had died after being appointed guardian of said lunatic. On July 1st, 1934, the executor of Hermann Haase entered into an agreement with the mortgagors whereby the interest rate was reduced from five to four per centum after which the mortgage was assigned to Ottilie Haase. The mortgagors have paid the interest on the bond and mortgage in accordance with the agreements and said interest was not in arrear at the time of the filing of this bill. However, on February 1st, 1935, the first quarter of the 1935 taxes, which amounted to $51.33, became due and payable and remained in arrear for more than ninety days thereafter and on May 1st, 1935, the second quarter of the 1935 taxes, amounting to $51.34, became due and payable and also remained in arrear for more than ninety days. The third quarter of the 1935 taxes became due on August 1st, 1935, and remained in arrear for more than ninety days thereafter which amounted to $51.34. On November 1st, 1935, the taxes for the fourth quarter for 1935 became due which amounted to $51.34. All of these taxes, however, were paid on January 23d 1936. The mortgage contained a provision that if any tax, assessment, water rent, or other municipal or governmental rent, charge, imposition or lien, or any or either of them, imposed upon the premises, should remain unpaid for ninety days after the same should fall due then and from thenceforth the aforesaid principal sum of $4,000, with all arrearages of interest thereon, should at the option of the mortgagee, his representatives *Page 439 
or assigns, become immediately due. It appears that the only default made by the mortgagors is the failure to pay taxes as above set forth. The taxes in arrear were paid by the mortgagors before the complainant elected to accelerate the time of payment of the principal. Complainant, for the first time, by the bill elects that the whole principal sum shall be due. Complainant resists the motion to dismiss the bill of complaint citing a number of cases decided in this state which hold that where default has been made in payment of interest or taxes and the mortgage contains a provision, such as contained in the mortgage in question, the principal sum at the election of the mortgagee becomes due and the mortgagee is entitled to foreclose by reason of such default. An examination of these cases, however, discloses that in each instance the tax or interest was in arrear at the time of the filing of the bill. I have failed to find any case in this state in a foreclosure suit where the mortgage contained a clause similar to the one above referred to in this opinion and where taxes were in arrear and so remained for the period provided in the mortgage which would entitle the mortgagee to foreclose and had then been paid before the time of the filing of the bill of complaint.
1 Wiltzie on Mortgages (4th ed.) 96, says:
"A default in the payment of taxes by a mortgagor is not ground for declaring the debt due, under a clause in the mortgage providing that the whole indebtedness shall become due if the taxes remain unpaid for a given time, where they were paid before the commencement of the suit, and before the mortgagee suffered any loss or impairment of his security. Smalley v. Renken,85 Iowa 612; 52 N.W. Rep. 507; Shaw v. Wellman, 13 N.Y. Supple.527; Fleming v. Franing, 22 L.R.A. (N.S.) 360. But if the delinquent taxes are not paid by the mortgagor until after the action is brought, the mortgagee may proceed with the foreclosure. Hockett v. Burns, 132 N.W. Rep. 718."
 2 Jones Mort. (8th ed.) 1006, says:
"If after a default in the payment of taxes the mortgagor pays the same without prejudice to the mortgagee, and before suit is brought to declare the debt due because of the default, such payment is a bar to the suit." *Page 440 
The rule laid down in 41 Corp. Jur. 853 § 1038 is stated as follows:
"If a tax default is the cause of acceleration, payment of the delinquent taxes by the mortgagor, before the bringing of a suit for foreclosure, will take away the right to proceed, but payment after suit is ineffectual for this purpose."
The supreme court of errors of Connecticut, in the case ofEberich v. Solomon, 112 Conn. 498; 152 Atl. Rep. 823, held:
"The purpose of acceleration clause in a mortgage is to protect the mortgagee from loss or impairment of his security. A majority of the courts accordingly hold that, though there has been a failure to pay taxes or assessments when due, if payment or tender is made before foreclosure is started, it will bar the right to foreclosure because of such failure."
In the case of Ver Planck v. Godfrey, 42 App. Div. 16;58 N Y Supp. 784, the court said, in effect, that it was at a loss to understand upon what equitable principle a judgment of foreclosure could be decreed where there was a default in the payment of the taxes, which taxes had been paid by the mortgagor before the commencement of the action, for the reason that the plaintiff was not injured by the default, nor had the plaintiff's security been impaired or diminished but the parties had been restored to their original position. In view of the decisions, above referred to, the weight of authority seems to be that if default is made in the payment of taxes, which, under the terms of the mortgage, would accelerate the payment of the principal, and the taxes in arrear have been paid before the bill to foreclose is filed, such payment re-establishes the mortgage contract and banishes the default which would entitle the mortgagee to foreclose. Under the pleadings in this case it would not be equitable to allow the complainant to proceed with the foreclosure suit since complainant's security was not impaired or the acceleration clause of the contract violated at the time of the filing of the bill.
I will, therefore, advise a decree dismissing the bill of complaint. *Page 441