By bill filed February 19th, 1947, complainant seeks to foreclose a real estate mortgage dated July 16th, 1946, executed by defendant William Fairchild, Inc., to complainant to secure the payment of $6,500 in installments to be paid monthly until June 1st, 1954. Complainant's right to foreclose is based on the allegation that at the time of filing the bill defendant was in default in payment of taxes levied against the mortgaged premises which became payable August 1st, 1946, and taxes which became payable November 1st, 1946, the mortgage containing a provision that if such default continued for thirty days complainant should have the option to declare the principal due immediately. The defendant answered the bill, denying that such taxes are unpaid and alleging that before complainant brought this suit defendant had paid said taxes; that taxes due August 1st, 1946, were paid February 15th, 1947, and that taxes due November 1st, 1946, were paid February 20th, 1947, by funds mailed February 18th, 1947, to the collector of taxes. Complainant has moved to strike the answer as frivolous and sham and disclosing no defense to the bill.
The affidavits filed on the argument of the motion show that the taxes alleged to have become payable August 1st, 1946, were actually due at the time the mortgage was delivered by defendant to complainant. Even if those taxes remained unpaid at the time of filing the bill, complainant had no right to declare acceleration of time for payment of the principal of the mortgage (Oschwald Brick Works, Inc., v. Lieberman, 106 N.J. Eq. 91) but it seems to be undisputed that they were paid prior to the filing of the bill and thus the default was neutralized (Haase
v. Moser, 120 N.J. Eq. 437; affirmed, 121 N.J. Eq. 344) and to that extent the answer is neither frivolous nor sham. *Page 451 
Default under the terms of the mortgage had occurred in payment of taxes which became due November 1st, 1946, prior to February 19th, 1947, the day the bill of complaint was filed with the clerk of this court but those taxes having been paid February 20th, 1947, the question presented is whether the answer setting up payment thereof should be stricken or the cause held for a final hearing when the equities of the parties can be determined on the facts then adduced.
The affidavit of Samuel H. Berlin states that on behalf of defendant he talked with Mr. Morten, solicitor for complainant, February 19th, 1947, and was informed by Morten that the mortgage was in default for non-payment of taxes and that he (Morten) had prepared a bill to foreclose; that Berlin then told Morten the taxes would be paid immediately and thereupon, that day, defendant sent the collector of taxes the amount due for the taxes in question and received a receipted tax bill from the collector which shows payment thereof made February 20th, 1947; that Berlin also stated to Morten that defendant would pay him (Morten) a fee of $50 for preparing the bill; that Morten requested Berlin to put his offer in writing which Berlin did and mailed it to Morten. The answering affidavit by Morten is that in Berlin's conversation with him he told Berlin the bill to foreclose had been filed; that Berlin then told him the taxes for the fourth quarter of 1946 would be paid immediately and that Berlin offered to allow him a fee for filing the bill. Morten's affidavit further states that on February 19th, 1947, he actually issued subpoena to defendant to answer and that day mailed it (presumably from his office in Jersey City) to the sheriff of Essex County for service. The subpoena on file is tested February 19th, 1947, and the sheriff's endorsement thereon shows that it was received at his office February 21st, 1947, at 2:17 P.M., and was served on defendant February 25th, 1947.
Haase v. Moser, supra, decides that if taxes for which there is a default in payment which under the terms of the mortgage would accelerate the payment of principal, are paid "before the bill to foreclose is filed" such payment re-establishes the mortgage contract and banishes the default. The *Page 452 
question here is whether the rationale of that decision is applicable to the case of taxes in default which have been paid prior to suit actually commenced.
While we usually speak of "filing of the bill" as the commencement of a suit in this court, such a suit is not actually "commenced" until, after filing the bill, a subpoena to answer is taken out and served or a bona fide attempt is made to serve it. Hermann v. Mexican Petroleum Corp., 85 N.J. Eq. 367;Lehigh Valley Railroad Co. v. Andrus, 91 N.J. Eq. 225;
affirmed, 92 N.J. Eq. 238; Bittles v. West Ridgelawn Cemetery,111 N.J. Eq. 416; Gilbert v. Pennington Trap Rock Co., 135 N.J. Eq. 587.
Here Morten's affidavit states that the subpoena he issued and tested February 19th, 1947, was actually put in the mail that day but the fact is it did not reach the sheriff's office in the ordinary course of the mails until two days later. However, his affidavit does not disclose that if mailed that day, such mailing was before or after his conversation with Berlin who informed him the taxes would be paid immediately and accompanied that information with an offer to compensate Morten for filing the bill of complaint.
The real purpose of the tax default clause in a mortgage is to preserve the mortgagee's security unimpaired by the existence of unpaid taxes as superior liens on the mortgaged premises.Gilbert v. Pennington Trap Rock Co., supra. Here the taxes in default were paid the day after the bill was filed and perhaps before the suit was "commenced," thus restoring complainant's mortgage to the same security it held before the default so that upon the facts which may be adduced on final hearing, it may appear inequitable to grant the complainant the advantage she seeks over defendant by strict enforcement of the legal right she claims and that her bill should be dismissed possibly upon compensation made her by defendant for her expense incurred in instituting this suit.
The motion to strike the answer will be denied. *Page 453