77 N.J. Super. 198 (1962)
185 A.2d 706
POULTRYMEN'S SERVICE CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
GUSTAVE BROWN AND HELEN BROWN AND ALBERT KUSHINSKY, ESQ., EXECUTOR OF ESTATE OF ESTHER HAUSVATER, DECEASED, DEFENDANTS.
Superior Court of New Jersey, Ocean County Court, Law Division.
Decided November 8, 1962.
*199 Mr. Paul Gretchyn, attorney for plaintiff.
Mr. Albert Kushinsky, attorney for defendants.
NOVINS, J.C.C.
In this action to declare a promissory note in default, both plaintiff and defendants have moved for summary judgment. Plaintiff seeks further leave to amend its complaint.
The admitted facts are as follows: On February 18, 1957 the defendants made and delivered their promissory note in the sum of $25,493.71 payable to the order of plaintiff, 120 months after date, which note was given in substitution for a note for the same amount, dated December 31, 1956. At the same time the defendants executed and delivered to plaintiff a mortgage, which, together with the above-mentioned note, was recorded the same day in the Ocean County *200 Clerk's office. The mortgage contained the customary default clause providing that upon the failure of the defendants to pay taxes or municipal assessments upon the mortgaged lands and premises within 30 days after such became due, then, at the option of the holder of the mortgage, the entire amount secured by said mortgage would immediately become due and payable. The mortgage refers to the note which it secures, but the note is devoid of reference to the mortgage.
On November 16, 1960 Esther Hausvater, mother of defendant Gustave Brown, departed this life. Thereafter under the terms of her will the defendant executor was qualified on January 10, 1961.
On February 1, 1961 the tax record for the Township of Dover disclosed that the first quarter taxes for 1961 were due and owing.
On May 19, 1961 the plaintiff caused to be served upon the defendants Gustave Brown and his wife Helen Brown a notice of their failure to pay the 1961 preliminary taxes when the same became due and payable, and further notified said defendants of its election to accelerate the mortgage. On May 26, 1961 the plaintiff served upon the executor a formal proof of claim against the estate of Esther Hausvater, which claim was denied by the executor on June 26, 1961.
On May 31, 1961 the arrearage in taxes in the amount of $91 together with penalty interest of $2.43 was paid by defendants. Subsequently, on August 31, 1961 the plaintiff instituted suit against the defendants on their promissory note, alleging that the terms of same had become accelerated by reason of the default in the payment of taxes as called for in the mortgage.
The question before this court is whether an acceleration provision in a mortgage securing a note, which note contains nothing upon its face to indicate that it is subject to the acceleration provision, enters into and becomes part of the note so that the maturity of the note is advanced in like manner with the maturity of the mortgage, thus affording the holder of the note and mortgage the right to sue on the note *201 and recover thereon before the date of maturity expressed on the face of the instrument.
A search of authority reveals no reported cases in this jurisdiction specifically deciding this point. Counsel have relied upon equity decisions involving mortgage foreclosure suits involving facts analogous to those at bar. Haase v. Moser, 120 N.J. Eq. 437 (Ch. 1936), affirmed 121 N.J. Eq. 344 (E. & A. 1936), appears to be the earliest reported case in this State in which the court had before it an action to foreclose a mortgage on the ground that the debt for which the mortgage was given as security was accelerated under a clause in the mortgage providing that the whole indebtedness shall become due if the taxes remain unpaid for a given period, where the same were paid before the commencement of the foreclosure suit. In that case the vice-chancellor held:
"* * * the weight of authority seems to be that if default is made in the payment of taxes, which, under the terms of the mortgage, would accelerate the payment of the principal, and the taxes in arrear have been paid before the bill to foreclose is filed, such payment re-establishes the mortgage contract and banishes the default which would entitle the mortgagee to foreclose. Under the pleadings in this case, it would not be equitable to allow the complainant to proceed with the foreclosure suit, since complainant's security was not impaired or the acceleration clause of the contract violated at the time of the filing of the bill."
The equitable principle enunciated in the Haase case, supra, was subsequently followed in Gilbert v. Pennington Traprock Co., 135 N.J. Eq. 587 (Ch. 1944); Ewald v. William Fairchild, Inc., 139 N.J. Eq. 449 (Ch. 1947); Williams v. Evenstein, 2 N.J. 60 (1949); S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., 44 N.J. Super. 193 (Ch. Div. 1957).
This principle has also found support with leading text writers. Wiltzie on Mortgages (4th ed.) 96; 2 Jones on Mortgage (8th ed.) 1006.
The plaintiff in the case at bar, however, is not seeking to foreclose the mortgage but is seeking a judgment in a law court on the note. This he is permitted to do without first *202 foreclosing the mortgage. Asbury Park & Ocean Grove Bank v. Giordano, 3 N.J. Misc. 555, 129 A. 202 (Sup. Ct. 1925), affirmed in 103 N.J.L. 171 (E. & A. 1926). Contrariwise, if the plaintiff held a bond and mortgage instead of a note and mortgage, he could not proceed on the bond without first foreclosing the mortgage. N.J.S. 2A:50-1 et seq.
Consequently, it would follow that if the plaintiff had elected to foreclose the mortgage in the case sub judice, he would be without remedy by reason of defendants' neutralizing the default by payment of taxes before institution of suit. Gilbert v. Pennington Traprock Co.; Ewald v. William Fairchild, Inc.; Williams v. Evenstein; S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., supra.
In view of the fact that this is a suit on a note and not an action to foreclose a mortgage in the Chancery Division, the equitable principles motivating the decisions in Haase v. Moser, supra, and like cases are not apposite. It therefore becomes necessary to look to other jurisdictions.
Although it is well established that the acceleration clause in a mortgage declaring the entire indebtedness due upon default in the payment of any installment of principal or of interest or taxes, gives the right to foreclose for the whole indebtedness. Annotation, "Effect on note of acceleration of mortgage securing note," 34 A.L.R. 848, at p. 849, there is a lack of agreement in other jurisdictions as to the effect of such acceleration clause on the maturity of notes secured by the mortgage which notes contain no such acceleration clause.
It has been held in a line of cases that an acceleration provision in a mortgage securing a note enters into and becomes a part of the note so that the maturity of the note is advanced in like manner with the maturity of the mortgage, not only for the purpose of foreclosure, but for all purposes.
In Brewer v. Penn Mutual Life Insurance Co., 94 F. 347 (8 Cir. 1899) this rule was laid down, relying upon the authority of the case of Wheeler & Wilson Mfg. Co. v. Howard, 28 F. 741 (E.D. Mo. Cir. Ct. 1886), and it was *203 determined that such a clause in the mortgage gave the holder thereof the right to declare the notes due for all purposes and to collect them by suit as well as by foreclosure. This action was brought for a deficiency after the foreclosure proceedings had terminated.
In Wilson v. Kirchan, 143 Wash. 342, 255 P. 368 (Sup. Ct. 1927), the court held by a four-to-three decision that where the mortgage contained an acceleration clause providing that
"In case any tax shall become due, delinquent and remain unpaid * * * then the whole of the principal * * * secured thereby, shall immediately become due and payable, and this mortgage may be foreclosed for the whole of said monies"
the holder of the note secured by this mortgage might bring action thereon and accelerate the due date by the terms of the mortgage. See also Williams v. Douglass, 47 La. Ann. 1277, 17 So. 805 (Sup. Ct. 1895); Leonard v. Tyler, 60 Cal. App. 299 (App. Ct. 1882); Moore v. Crandall, 146 Iowa 25 (1910); 124 N.W. 812 (Sup. Ct. 1910) 34 A.L.R. 848, at p. 850; 56 A.L.R. 185, at p. 186.
These courts have proceeded upon the theory that the note and mortgage, though separate instruments, are not separate contracts, but being executed at the same time and in the course of the same transaction, constitute a single contract.
Another line of cases holds that an acceleration provision in a mortgage securing a note does not affect the maturity of the note; that this provision in a mortgage accelerates the maturity of the debt only for the purpose of mortgage foreclosure.
In the case White v. Miller, 52 Minn. 367, 54 N.W. 736, 19 L.R.A. 673 (Sup. Ct. 1893), the court said:
"A negotiable promissory note, due in the future, according to its terms, cannot be brought to immediate maturity through a clause in a mortgage given to secure the same, authorizing the mortgagee to declare the debt or note due upon default in any of the provisions found in the mortgage."
*204 The Supreme Court of Minnesota, subsequent to White v. Miller, supra, had occasion to pass upon the point from a different angle. A note had been executed and secured by a mortgage and the mortgage contained an acceleration clause, which clause was absent from the note. The court said:
"The fact that the mortgage had been foreclosed and that the action was to recover a deficiency judgment does not distinguish the case from White v. Miller * * *. The portion of the debt sought to be recovered is not yet due."
Burnside v. Craig, 140 Minn. 404, 168 N.W. 175 (Sup. Ct. 1918).
In the case of Baird v. Meyer, 55 N.D. 930, 215 N.W. 542, 56 A.L.R. 175 (Sup. Ct. 1927), a case very similar to the case at bar, the court said:
"* * * Such acceleration clause is for the purpose of foreclosure * * *. If the plaintiff waives his right to foreclose, or ignores the right, then he has waived that provision in his mortgage or ignored it. Nowhere in the note do we find any reference to the mortgage. So far as the note indicates, it is absolutely independent of any other contract * * *. Plaintiff chooses to stand upon the note and is bound by the terms of the note. * * *"
See also Winne v. Lahart, 155 Minn. 307, 193 N.W. 587, 34 A.L.R. 844 (Sup. Ct. 1923).
In Westminster College v. Peirsol, 161 Mo. 270, 61 S.W. 811 (Sup. Ct. 1901), the court said:
"The note is not affected, as to the date of its maturity * * * except for the purpose of enforcing the security."
The court in Rasmussen v. Levin, 28 Colo. 448, 65 P. 94 (Sup. Ct. 1901), said:
"The conditions in the mortgages could only be taken advantage of for the purpose of declaring due the note thereby secured for the purpose of foreclosing such mortgages, and no other."
See also McClelland v. Bishop, 42 Ohio St. 113 (Sup. Ct. 1884); Owings v. McKenzie, 133 Mo. 323, 33 S.W. 802, 40 *205 L.R.A. 154 (Sup. Ct. 1896); Alwood v. Harrison, 66 Okl. 203, 171 P. 325 (Sup. Ct. 1917).
In the case of Waddell v. McComas, 113 W. Va. 344, 167 S.E. 866 (Sup. Ct. 1933), the court said:
"There are two lines of decision (each claiming `the weight of authority') concerning the effect upon a note of an acceleration clause in a mortgage concurrent with the note and given to secure it. One line holds that such a clause advances the maturity of the note for all purposes. The other line limits the acceleration [clause] to the mortgage foreclosure, and holds that the maturity of the note is not otherwise affected. * * * This court has followed the second line."
The theory underlying this latter viewpoint is that a note and mortgage are distinct instruments, the stipulation in the mortgage being regarded as furnishing a remedy on the mortgage, and for the purpose of foreclosure, the notes are regarded as due; but for general purposes the obligations on the notes are to be determined on their own terms.
This theory is supported by leading text writers. Britton, Bills and Notes, p. 68 (1943) states:
"* * * the Courts as a rule, hold that the terms of the mortgage cannot be imported into the note for the purpose of varying or contradicting any of the terms of the note * * * The acceleration clause is held not to affect the date of maturity of the note. The note remains due and payable according to its own terms, quite irrespective of contradictory terms as evidenced by acceleration clauses contained in the mortgage. The acceleration clause is held to be operative for the purpose of foreclosure of the mortgage but if the suit is upon the note alone, unaccompanied by a bill to foreclose, or when a bill to foreclose is filed and a deficiency judgment on the note is sought after decree of foreclosure, the courts hold that the acceleration clause of the mortgage, even though in terms therein expressed to be applicable to the note, are held inoperative as far as the note is concerned. The note is enforced according to its own terms and not in accordance with the terms of some contradictory writing * * * the rule which limits the operation of the acceleration clauses contained in the mortgage to the right to foreclose is the preferable rule." (Emphasis added.) *206 In Osborne on Mortgages, at p. 639 (1955), the following quotation is applicable:
"Apart from incorporation by reference through provisions on the note, the courts, as a rule, hold that the terms of the mortgage cannot be imported into the note for the purpose of varying or contradicting any of the terms of the note even though language in the mortgage itself purported to do so. By the decision of a great many courts the same is held to be true of acceleration clauses in a mortgage even though in terms expressed to be applicable to the note, the clauses being limited to the acceleration of the mortgage foreclosure and the maturity of the note not being affected by them. Some courts, however, impressed by the incongruity of permitting foreclosure when the accelerating event has occurred and of denying a right to a deficiency judgment until the date of maturity specified in the note has arrived, have held that the accelerating clause is imported into the note. The general policy against permitting negotiable instruments being varied as to their terms by any writing extrensic to it makes the first group of cases preferable."
It is apparent that there is ample authority for either proposition. We must therefore seek to determine the better reasoned view.
Unlike a bond, a note may be a negotiable instrument. Notwithstanding that it may be delivered together with a mortgage, it need not make reference to such mortgage and may be negotiated. It certainly does not follow that an instrument capable of physical separation from the mortgage and capable of negotiability from one person to another would carry with it all the terms, covenants and conditions of a mortgage to which there is no reference. In order to ensure uniformity and facility in commercial transactions it is imperative that negotiable instruments be permitted to circulate unencumbered by collateral and undiscoverable restrictions.
The cases favoring separation of the instruments point out the fact that the creditor is barred from suing for a deficiency after foreclosure until such time as the note, according to its terms, is due. This may serve to delay the complete remedy. Such restriction, however, does not deprive the holder of his substantive rights. In any event, this problem may be avoided in its entirety by incorporating in the note the fact that it is *207 subject to or governed by the terms of the mortgage. Such procedure would cause the note to become an integral part of the mortgage, and thus any problems concerning the negotiability of the instrument would become moot.
Had the parties intended that the terms of the mortgage be incorporated in the note, they could have so provided when the original note between the parties, dated December 31, 1956, was discharged by the delivery of the note in question, and the security instrument.
Perhaps this is why no legislation has been enacted requiring foreclosure of a mortgage as a condition precedent to the institution of a suit on a note given simultaneously with such mortgage.
Although it is a familiar doctrine that instruments executed at the same time and having one purpose are but one instrument in the eyes of the law, and are to be read and construed together as parts of the same transaction, the aspects peculiar to a negotiable promissory note militate against the adoption of this doctrine. It is to be noted that the Uniform Commercial Code, now adopted in New Jersey (L. 1961, c. 120, effective January 1, 1963), in N.J.S. 12A:3-119(2) provides:
"A separate agreement does not affect the negotiability of an instrument."
In interpreting the above section, comment 5, at page 79, reads as follows:
"Subsection (2) rejects decisions which have carried the rule that contemporaneous writings must be read together to the length of holding that a clause in a mortgage affecting a note destroyed the negotiability of the note. The negotiability of an instrument is always to be determined by what appears on the face of the instrument alone, and if it is negotiable in itself a purchaser without notice of a separate writing is in no way affected by it. If the instrument itself states that it is subject to or governed by any other agreement, it is not negotiable under this Article; but if it merely refers to a separate agreement or states that it arises out of such an agreement, it is negotiable."
*208 By reason of the foregoing, the defendants' motion for summary judgment is granted with costs. The plaintiff's motion for summary judgment is denied. Plaintiff's motion to amend the complaint in two counts, alleging violation of the covenant of the mortgage for repairs and maintenance and for impairment of security by removal of top soil, is denied, with leave to seek his remedies whatever they may be in the Chancery Division.
The defendant will prepare and submit an appropriate order.